## ROAD IN ADAMS TOWNSHIP.

APPEAL BY THE PITTSB. ETC. RY. CO. FROM THE COURT OF QUARTER SESSIONS OF BUTLER COUNTY.

Argued October 21, 1889—Decided November 4, 1889.

An appeal will not lie from the refusal of the Court of Quarter Sessions to strike off an order confirming the report of viewers laying out a road, on an application by petition filed five years after the order of confirmation was entered.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 103 October Term 1889, Sup. Ct.; court below, No. 4 September Term 1883, Q. S.

On June 29, 1888, the Pittsburgh & Western Railroad Company filed a petition upon which a rule was granted to show cause why the court should not strike off an order confirming the report of viewers laying out a certain public road in Adams township, entered on March 5, 1884. The supervisors of the township answered, and after hearing, the rule was discharged. The ,petitioner then took this appeal, assigning as error the order discharging the rule granted.

*Mr. R. P. Scott*, for the appellant.

*Mr. Lev. McQuistion* (with him *Mr. John M. Greer* and *Mr. Everett Ralston*), for the appellees.

PER CURIAM:

The first question that is suggested in this case is whether the refusal of the court to strike off the final order of confirmation, made more than five years ago, is reviewable here on appeal or otherwise.

The record shows that on November 13, 1883, viewers were duly appointed to view the route of a proposed public road, and the same day an order to view was issued. At the next sessions, December, 1883, the following order was made, viz.: "Approved, and fix width of road at thirty-three feet, notice to be given according to rules of court." Then, at March sessions, 1884, the proper time for confirmation of the report, in case no exceptions were filed in the meantime, the following order was made: "And now, March 5, 1884, it appearing to the court that no exceptions have been filed to the confirmation of the report in this case, the same is confirmed absolutely, and it is directed to be issued, and clerk is directed to note confirmation on report when found." These are the only entries that appear on the road docket after the order to view issued.

On June 29, 1888, a petition was presented by appellant, praying the court to strike off the order of confirmation, and thereupon a rule was granted to show cause why the prayer of

the petitioner should not be granted. On that rule testimony was taken tending to show, inter alia, that a view was duly had, and a report of the viewers in favor of the proposed road was duly made, returned to court, filed, and approved as set forth in the first order on the docket; that before the report was duly entered in the road docket, the paper itself, with the order of approval indorsed thereon, was lost, presumably in consequence of the burning of the court-house and removal of records therefrom, a few days after the report of viewers was returned to court; that, after the final order of confirmation, the road, as laid out by the viewers, was opened, and has ever since been maintained and used as a public highway.

If satisfactory proof of those facts had been made to the court, a clear case would have been presented for making a proper order supplying the lost record, and it is not too late to do that yet. Where records are lost, it is the duty of the court, upon proper proof of the loss and contents of lost papers, to make an order supplying them.

But assuming, for the sake of argument, what we are by no means willing to admit, that such a defect is apparent upon the face of the record as would have warranted the reversal of the order of confirmation, if the case had been brought here for review within the time allowed by law, it by no means follows that we have any right, at this late day, or in the manner now proposed, to review the action of the court below. The time for reviewing the proceeding in this court has long since expired, and that obstacle cannot be surmounted by asking the court to strike off the order of confirmation, and then appealing to us from the refusal of the court so to do. No such jurisdiction has been given to us, and we shall not assume it without warrant.

Appeal quashed, and ordered that appellant pay the costs thereof.