## ROAD IN KINGSTON TOWNSHIP.

APPEALS BY J. B. RICE ET AL. FROM THE COURT OF QUARTER
SESSIONS OF LUZERNE COUNTY.

Argued April 15, 1890—Decided April 28, 1890.

1. When, in a proceeding to lay out a public road, there have been filed
   reports by the viewers and reviewers, and exceptions have been filed
   to both reports, a final order confirming the report of the viewers dis-
   poses of the report of the reviewers, and also the exceptions thereto, as
   fully as if the court had so done in express terms.
2. Under § 2, act of February 24, 1845, P. L. 52, providing that if viewers
   shall decide in favor of locating a public road, and it shall appear to
   them that any damages will be sustained, it shall be their duty to assess
   and report the same, an omission to assess and report damages is equiv-
   alent to a finding that none have been sustained.
3. Where both viewers and reviewers have found a proposed road to be
   practicable and necessary for the public convenience, an exception that
   they have not passed upon a contingent liability to a railroad company
   arising out of the cost of substituting in future a culvert through an
   embankment, instead of a trestle, will not be sustained.

Before STERRETT, GREEN, CLARK, WILLIAMS and McCOL-
LUM, JJ.

Nos. 44, 45 January Term 1890, Sup. Ct.; court below, No.
179 January Term 1887, and No. 183 June Term 1887, Q. S.

On January 31, 1887, Peter Staub and others, inhabitants of
Kingston township, filed a petition to No. 179 January Sessions
1887, setting forth the necessity for a road in Kingston township,
" to begin at the Dallas and Kingston turnpike near Rice's ful-
ling mill, and to end in a road leading from Rice's fulling mill
toward Wyoming, near the house of Peter Staub;" praying
for the appointment of viewers. Viewers were appointed as
prayed for.

On April 21, 1887, the viewers filed a report in favor of the
proposed road, filing therewith a draft of the same as laid out
by them, and the report was confirmed nisi.

On June 20, 1887, exceptions to the report of the reviewers
were filed, and on the same day there was filed a petition for a re-
view to No. 183 January Sessions 1887, whereon reviewers were

appointed, who on February 27, 1888, reported that they "reviewed the said road for public use, and were of opinion that a road in that place is necessary for the public convenience, but that the cost of constructing the same, and the damages that would probably be recovered by the Harvey's Lake Railroad Company, would be so great as not to warrant the granting of said road." The report was filed and confirmed nisi.

The parties then proceeded to take depositions, from which it appeared that one of the opponents to the road was the Wilkes-Barre & Harvey's Lake Railroad Company, objecting for the reason that at a certain point the proposed road would pass under a trestle of the railroad, which trestle the company intended at some future time to fill up, and to substitute for it an earth embankment; that the trestle was intended for temporary use only, and that the location of the new road as proposed would compel the company to construct an expensive stone culvert, instead of an earth embankment.

On May 7, 1888, the court, WOODWARD, J., filed the following opinion:

The act of February 24, 1845, § 3, P. L. 52, after stating the duty of road viewers, in reference to procuring releases from the persons through whose lands the proposed road is to pass, proceeds as follows: "And in every case where said viewers shall fail to procure such releases, and it shall appear to them that any damage will be sustained, it shall be their duty to assess the damages and make report thereof, . . . . and return the same, together with all releases obtained, to the proper Court of Quarter Sessions."

The report of the reviewers in the case before us is defective, in that it finds that damages will be caused to a certain party, viz., the Harvey's Lake Railroad Company, but fails to assess or ascertain the amount of such damages. The reviewers report that they are of the opinion "that a road in that place is necessary for the public convenience, but that the cost of constructing the same, and the damages that would probably be recovered by the Harvey's Lake Railroad Company, would be so great as not to warrant the granting of said road," etc. Now, inasmuch as the viewers and the reviewers have both found the road to be necessary for public convenience, the only mer-

itorious question in the case is the amount of the damages. And it has been held in many cases, that the assessment of damages is the peculiar province of the reviewers, rather than a question for the court upon exceptions to a report. See Chartiers Tp. Road, 34 Pa. 413; Potts's App., 15 Pa. 414. This latter authority is also applicable to the question sought to be raised in reference to certain matters of form in the original report, and which should have been presented by exceptions to that report. See also case of Allentown Road, 5 Wh. 442; Springfield Road, 73 Pa. 127.

We do not feel at liberty to express an opinion upon the main question involved in this controversy, until we can have the benefit of a clear and well considered report by the reviewers, upon the character and amount of the damages sustained by the parties who object to the opening of the proposed road. The report of the reviewers is therefore recommitted and referred back to them for correction. See Herr's Mill Road, 14 S. & R. 204; Baldwin Road, 3 Gr. 62.

On September 17, 1888, the reviewers filed their second report, which was in favor of laying out a new road according to a draft returned with the report, but making no report upon the matter of damages; September 22d, confirmed nisi.

On November 2, 1888, exceptions to the report of the reviewers were filed on behalf of John L. Rice and others. On the same day the Wilkes-Barre & Harvey's Lake Railroad Co. filed like exceptions to said report, one of them being as follows:

3. Because, while the first report of the reviewers was expressly recommitted to them to report " upon the character and amount of the damages sustained by the parties who object to the opening of the proposed road," yet the reviewers directly disobeyed the order of the court, and never examined or reported upon the character or amount of such damages.

On the same day, a rule was granted to show cause why the confirmation of this second report should not be set aside.

Depositions on the part of the exceptants having been filed, after argument, the court, WOODWARD, J., on April 22, 1889, filed an opinion, which, after stating the facts, and that the exceptions filed on June 20, 1887, to the report of the viewers

"were apparently abandoned, for on the same day a petition for a review was also filed, the same attorney appearing both for the exceptants and for the petitioners for the review," proceeded:

The first question, then, to be considered is this: Were the reviewers bound, upon the recommittal of the report to them, to return a specific finding in reference to the claim of the Harvey's Lake Railroad Company for damages, or was the amended report in favor of the proposed road without any allowance of damages, or any mention of the subject, a substantial and sufficient compliance with the order of the court, and the rule of the law on the subject?

And first as to the law. This is to be found in the act of February 24, 1845, P. L. 52. This act was originally made applicable to the counties of Butler, Allegheny, Luzerne, Lycoming and Clinton only, and its third section is as follows: "If the viewers shall decide in favor of locating a public road, or to make any change in the location of the public road which they were appointed to view, it shall be the duty of the viewers to endeavor to procure, from the persons through whose lands such location may be made, releases for all claims of damages that might arise from opening the same. And in every case where said viewers shall fail to procure such releases, and it shall appear to them that any damages will be sustained, it shall be their duty to assess the damages and make report thereof, signed by a majority of their number," etc. Under this act, it has been decided: (1) That it is not necessary that it should appear on the face of the report that the viewers gave notice of the time and place of meeting: Middle Creek Road, 9 Pa. 69; Baldwin and Snowden Road, 3 Gr. 62; Benton Tp. Road, 2 Luz. Leg. Reg. 99. (2) That they have endeavored to obtain releases: Chartiers Tp. Road, 34 Pa. 413; McConnell's Mill Road, 32 Pa. 285. And (3), that the remedy for an insufficient allowance of damages is by an application for a review, not by exceptions to the report: Chartiers Tp. Road, 34 Pa. 413; Pleasant Street, 5 Luz. Leg. Reg. 221.

In the case of the road from Point-No-Point, 2 S. & R. 277, under an act then in force, the first exception to the proceedings was in the following words: "That the Court of Quarter Sessions confirmed the report of the jury, although the said

jury did not notice the claim for damages of the heirs of Anna Gibson, nor the claim for damages of James and John Gibson, which were embraced in the general order of the court; and it was shown to the court that the said claims were laid before the jury." TILGHMAN, C. J., in discussing this exception, said: "The point, then, is reduced to this, shall this court quash the proceedings because the jury have not expressly said that they found no damage had been sustained by any persons but the heirs of Baker? To establish such a principle might do mischief, because on search of precedents we find many cases·where the jury have been silent as to all persons who, in their opinion, had sustained no damage. These reports or findings by freeholders, appointed to inquire into damages, are not scanned with such critical nicety in this court as proceedings at common law, removed by writ of error." The proceedings were accordingly affirmed. A careful research on our part, has failed to find any authority for the doctrine, that viewers or reviewers are bound to say expressly in their report, that they find no damages in favor of any party claiming to be injured by the location of the road. In other words, a report regular on its face and in favor of the road as necessary for the public convenience, with no award of damages to any one, will be construed to mean that, in the opinion of the viewers no damage has been suffered, and that the road should be laid out.

But, further; the rule of the law is, that where viewers and reviewers differ, it is the duty of the court to decide between them, and to adopt the one or the other report, as the justice of the case may seem to dictate: Bucks Co. Road, 3 Wh. 109; Buckwalter's Road, 3 S. & R. 236; Paradise Road, 29 Pa. 22. In the case before us, the original report of the viewers of April 21, 1887, sets forth that they had "endeavored to procure from all the owners of the land over which said road passes, releases in writing of all claims to damage that may arise from opening the same, and that they failed to procure such releases. And having taken into consideration the advantages to be derived from the road passing through their lands, we have assessed no damage." The report of the viewers seems in all respects to conform to the strictest view of the requirements of the law, while the finding of the reviewers in reference to the prospective injury to the railroad company, might be reason-

Opinion of Court below.

ably considered as beyond their proper jurisdiction, and as contrary to the principle stated in the case of the Germantown & Perkiomen Turnp. Co., 4 R. 190, where the court said: "The Quarter Sessions very properly quashed the report, inasmuch as the viewers had not power to report conditionally, or, as in the case of a special verdict, to reserve the matters of law for the determination of the court. . . . . It would be improper to anticipate a question which may arise hereafter, whether the rights of the company have been assumed by the district, or whether the corporate owner of a franchise, is a subject for compensation under the general road law." See also case of Girard Ave., 11 Phila. 449, and Plan of Kensington Case, 2 R. 445, where it was held that a public highway may be laid out over a part of the road of an incorporated turnpike company. In the case of Passayunk Ave., 2 Pa. C. C. R. 271, Judge FIN-LETTER said: "In considering the disadvantages, if any, incident to the opening of the avenue or street, the viewers have no right to receive evidence as to the estimated cost of possible future street improvements, or to consider the same, nor the suggestion that any railway company may ask for or obtain permission to lay tracks upon the highway. Such matters have nothing to do with the present question of damages; they are purely speculative, and it is unjust and misleading to entertain them."

And in this connection we deem it proper to call attention to the depositions submitted to us, from which it clearly appears that the alleged injury to the railroad is not present and immediate, but is predicated entirely of the expense which will be incurred by the company in the future, when they shall determine to abandon the trestle which is now in use, and substitute therefor a stone culvert or arch, at the point in question. Mr. Phillips, a witness called by the exceptants, testifies that he had charge of the construction of the railroad at this point, and upon cross-examination was asked: Q. In your opinion how much will the proposed road damage the Harvey's Lake Railroad as it is now? Objection, irrelevant and immaterial. A. None. Q. Then the damage that may be done, is what the company will have to pay for the cost of an arch when an embankment is put in, in place of the trestle? A. Yes.

The report of the reviewers, taken in connection with the

depositions submitted, leaves no room to doubt that the objections to the road, in the minds of the reviewers, were based upon a supposed future liability to the railroad company, arising out of the fact of the increased cost to them, of substituting a stone culvert for the trestle, or an earth embankment, as a means of crossing the ravine with their tracks. Both the viewers and the reviewers find that the proposed road is necessary for public convenience, and it does not seem to us that the assumption by the reviewers of a possible future liability to the railroad company, in the manner suggested, has any proper place in the consideration of the case. Leaving out of view the question of the injury to the railroad company, the preponderance of the evidence in favor of the road, as shown by the depositions, is very decided. . . . . .

Our opinion on the whole case may be stated in the following propositions:

[1. There is nothing in the road law of February 24, 1845, P. L. 52, nor in any of the adjudications of our Supreme Court, in reference to the laying out of new roads, which makes it the duty of the reviewers to return a specific finding in reference to the claim for damages by the Harvey's Lake Railroad Company. The omission by the reviewers to assess damages, is tantamount to finding that in their opinion none had been sustained.] [1]

[2. The jurisdiction and authority of viewers or reviewers to pass upon such a claim for damages, as that made by the Harvey's Lake Railroad Company, such damages being prospective, contingent and consequential, is at best doubtful, and such a claim should not prevent the laying out of·a road, which both viewers and reviewers have found practicable and necessary for the public convenience.] [2]

3. In view of the law as above stated, and after a careful consideration of all the evidence submitted to us, we are of the opinion that the report of the original viewers filed on April 21, 1887, should now be confirmed. And it is therefore so ordered.

—Thereupon the exceptants to the report of the reviewers took the appeal to No. 44, in this court, assigning for error the order of April 22, 1889, confirming absolutely the first report of the viewers.

Opinion of the Court.

The exceptants also took the appeal to No. 45, assigning for error, inter alia, the portions of the opinion in [ ] [1] [2]

*Mr. J. Vaughan Darling* (with him *Mr. T. H. B. Lewis* and *Mr. H. W. Palmer*), for the appellants.

On the effect of the omission to report damages, counsel cited: Point-No-Point Road, 2 S. & R. 277; Chartiers Tp. Road, 34 Pa. 413; Potts's App., 15 Pa. 415; Sharett's Road, 8 Pa. 89.

*Mr. J. B. Woodward*, for the appellees.

On the power of the court to adopt either the report of the viewers or that of the reviewers, counsel cited: Buckwalter's Road, 3 S. & R. 236; Paradise Road, 29 Pa. 22; Buck's Co. Road, 3 Wh. 109; Bachman's Road, 1 W. 400.

PER CURIAM:

The facts of this case are very fully stated in the opinion of the learned judge of the Quarter Sessions. The questions arising upon those facts were rightly disposed of.

The reports of the viewers, reviewers, and supplemental report of the latter, together with the testimony taken on the exceptions thereto, were all before the court when the former was confirmed. By necessary implication, the final order confirming the report of the viewers disposed of the reports of reviewers and all the exceptions, as fully as if the court, in express terms, had set aside the reports of the reviewers and dismissed all the exceptions. Whether the exceptions to the report of the viewers were previously abandoned or not, is now of no consequence. If not abandoned, they were, in effect, dismissed by the order confirming the report.

There appears to be no error in the record that calls for either a reversal or modification of the order complained of.

The order of court confirming the report of the viewers, filed April 22, 1889, is affirmed, with costs to be paid by appellants.