## North Union Township Road.

*Road view—Petition—Report—Setting aside—Parties.*

While failure of viewers to apply to the owners of the land through which the road passes for releases of damages is sufficient reason for setting aside a previous order confirming the viewers' report, yet if the original petition is in proper form, it should be allowed to stand as the basis for another view.

Argued May 9, 1892.   Appeal, No. 15, July T., 1891, by land-owners, Samuel Beatty et al., from decree of Q. S. Fayette Co., Sept. T., 1886, No. 6, setting aside order of confirmation of report of road viewers and dismissing all proceedings. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The record showed the following among other facts : Sept. 18, 1886, the petition for the road was presented.   The report of viewers laying out the road, filed Dec. 11, 1886, stated among other things that " no one appeared and claimed damages, we have assessed no damages ; " also that " before the said view, public notice of the time and place of meeting of the viewers was given by advertisement put up according to law at the most public places in the vicinity, ten days before said meeting."   The report was confirmed absolutely at March Sessions, 1887.   June 27, 1887, order to open issued.

May 30, 1890, S. E. Ewing presented a petition representing that the above road runs through lands of Col. S. Evans's heirs ; that petitioner had leased said lands at the time the petition for the road was presented and had possession of the same ; that the road will be very injurious to said lands ; that no notice whatever of said proceedings was given to petitioner or to Col. Evans ; and that petitioner was also agent of Col. Evans, attending to all matters of this kind ; and praying for a rule to set aside, etc.   The rule was granted, proceedings to open the road to stay in the meantime.

On the hearing the evidence was to the effect that Ewing in 1878 had leased the Evans property for ten years, and that Evans died in 1887.

The court, INGHRAM, P. J., made the following decree :
" The proceedings in this case are fatally defective in this, that it does not appear in the report of viewers or otherwise that application was made to the owners of the land through

which the road passes for release of damages, nor does it appear that notice was given to such owners of the time and place fixed for the assessment of damages ; nor does it appear that the viewers considered the question of damages at all, although the road passes for a considerable distance through the lands of exceptant and may, as he claims, have been a damage to him. We would refer to Act of May 14, 1874, P. L. 164 : Appeal of Central R. R. Co. of New Jersey, 102 Pa. 38. For the reasons given above the order of confirmation is set aside and all the proceedings dismissed."

*Error assigned* was above order, quoting it.

*S. L. Mestrezat,* for appellants.—Ewing had no standing to ask to have these proceedings set aside. The notice was sufficient: Clayton's Case, 1 Walker, 527 ; Sterrett Tp. Road, 114 Pa. 627 ; and was adjudicated in the decree of confirmation : South Abington Tp. Road, 109 Pa. 118. Report with no award of damages will be construed to mean that, in the opinion of the viewers, no damages have been suffered : Kingston Tp. Road, 134 Pa. 413. Effort to obtain releases need not appear in report: South Abington Tp. Road, above. There is no evidence that reviewers did not apply to Evans for release. The original petition should stand at least.

*R. H. Lindsey,* for appellee.—The court below found as a fact, from the testimony before it, that notice had been given. This is conclusive : South Abington Tp. Road, 109 Pa. 118, and cases cited.

PER CURIAM, July 13, 1892.

The learned judge of the court below has given sufficient reasons for setting aside the order of confirmation. We think his order, however, was too broad. While it was entirely proper to set aside the report of the jurors for the reason that they made no effort to obtain releases of damages from the property owners, we see no reason why the entire proceeding should have been dismissed. The petition was in proper form, and the fact that the report of the viewers did not comply with the requisites of the law is no reason why another view may not be had upon the same petition.

So much of the order as set aside the order of confirmation is affirmed, and a procedendo awarded.