# Road in North Franklin Township.   Appeal of Martha A. Stevenson.

*Road law—Duty of viewers—Presumption of performance—Statutes.*

The duty of viewers, appointed under the local Act of March 30, 1859, P. L. 309, as to assessing damages and obtaining releases from land-owners is substantially the same as that prescribed by the Act of February 24, 1845, P. L. 52 ; and the omission of reviewers to report damages in favor of a party is equivalent to a finding that he will sustain none.   Nor is the mere omission of viewers to report that they endeavored to obtain releases fatal, the presumption that the viewers did their duty will prevail unless there is something on the face of the report from which an inference to the contrary legitimately may be drawn.

*Omission to note improvements not an incurable defect.*

Assuming that the provision of the Act of June 13, 1836, P. L. 589, is in force in Washington county, although the act of 1859 is silent on the subject, an omission to note improvements is not an incurable defect.   If exceptions had been duly taken, the court might have referred the report back for correction.

*Practice, Q. S.—Presumptions as to record after statutory period for appeal.*

If the record does not show a special order fixing the width of the road the proceedings will be reversed upon an appeal taken within the statutory period after final confirmation ; after that time the presumptions in favor of the proceedings of courts of record ought to prevent one, who knew of the proceedings, and raised no objection, until after the road was opened, from alleging on appeal that it is not a legal road.

*Practice, Q. S.—Appeals—Amendment of record.*

Where the statutory period for an appeal from an order, confirming the opening of a road, has elapsed no rights are prejudiced by the court direct-ing an amendment of the record so as to conform to fact and disclose a special order made by it fixing the width of the road.   Courts of law have the power at common law to make such amendments.

*Road law—Practice, Q. S.—Laches as to appeal.*

Where a person affected with notice of proceedings from the beginning for opening a road has allowed the time for having them reviewed on appeal to expire, he cannot accomplish the same object by moving the court to strike off the order of confirmation and then appeal from the refusal of the court to grant his motion.

Argued April 19, 1898.   Appeal, No. 166, April T., 1898, by Martha A. Stevenson, from order of Q. S. Washington Co., May Roads, No. 2, 1896, discharging rule to lift confirmation

and file exceptions nunc pro tunc. Before RICE, P. J., WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to lift confirmation and file exceptions nunc pro tunc. Before McILVAINE, P. J.

The facts sufficiently appear in the opinion of the court.

The court discharged the rule to lift confirmation and file exceptions nunc pro tunc, and M. A. Stevenson appealed.

*Errors assigned* were (1) in discharging the rule, reciting same. (2) In not allowing petitioner to file her exceptions nunc pro tunc. (3) In making the following decree: "And now, January 24, 1898, the court being satisfied that at August sessions, 1896, when the report of viewers in this case came before it for approval, the court orally directed the clerk to enter a decree approving the report and fixing the breadth of the road at fifty feet, but a question being now raised as to whether the record as made up by the clerk sufficiently shows the action of the court fixing the breadth of said road, it is ordered and decreed (to the end that the record may be made to show fully and correctly what the court actually did in the premises), that the docket entry made by the clerk of the action of the court at August term, 1896, be and the same is amended nunc pro tunc, so as to read as follows: August term, 1896, report of viewers approved and the road directed to be opened of the breadth of fifty feet."

*M. H. Stevenson*, with him *J. C. Ewing*, for appellant.—The court assigns two reasons for refusing the relief prayed for: 1. Because the court has no authority to allow exceptions to be filed after the term has passed. 2. Because the exceptions were all technical in character. The first reason is effectually disposed of in O'Hara Twp. Road, 152 Pa. 319. See also North Union Twp. Road, 150 Pa. 512. The second reason assigned is that our objections are all technical in character. It does not follow that exceptions are not substantial merely because they are technical: O'Hara Twp. Road, 152 Pa. 319.

Not only is the jurisdiction of the quarter sessions expressly defined by statute, but the mode of exercising that jurisdiction

is pointed out. And this mode must be "strictly pursued:" Act of March 21, 1806; Halderman's App., 104 Pa. 251. Our first and third exceptions relate to the question of damages and releases.

S. M. Charlton, one of the viewers, testified, "Neither I nor any of the viewers in my presence requested any releases of damages from the owners of the property." There was no offer to contradict this; in fact, it was not pretended that any attempt was made by the viewers to obtain releases. Their report was therefore silent on the subject. Must the viewers' report show affirmatively an effort to obtain releases? This question was answered in the negative in Road in South Abington Twp., 109 Pa. 118: Road in Kingston Twp., 164 Pa. 409.

In Road in Cogan House Twp., 7 W. N. C. 257, the quarter sessions court of Lycoming county decided that under the general Act of May 14, 1874, P. L. 164, a report of viewers is "fatally defective" which is "silent on the subject of damages and releases," and this case is cited and approved in Appeal of Central R. R. of N. J., 102 Pa. 40. See also North Union Twp. Road, 150 Pa. 512.

Our fourth exception is that the improvements are not noted. This is fatal: Road from Buttonwood Lane, 13 S. & R. 445; Bellevernon Road, 41 Leg. Int. 358: O'Hara Twp. Road, 152 Pa. 319.

No decree nunc pro tunc can avail: Hempfield Twp. Road, 122 Pa. 439, and cases cited; Fermanagh Road, 1 Pa. Superior Ct. 534, and cases cited; Trickett on Roads, 41, 42. Nor can the width be fixed afterwards by an order nunc pro tunc, for the landowner's day of grace has gone by and if the width fixed is not satisfactory, he can neither except nor get a review. The cases sustaining these positions will be found in Hempfield Twp. Road, 122 Pa. 439; Fermanagh Road, 1 Pa. Superior Ct. 534; Trickett on Roads, 41, 42. We submit that the record in this case is fatally defective, and that the court should not only have allowed our exceptions to be filed, but should have sustained them as well.

*James I. Brownson, Jr.,* with him *Winfield McIlvaine,* for appellees.—With respect to the right of the appellant to file exceptions after the road had been confirmed and opened, it is

sufficient to say that, as is well settled, it is too late, at that stage of the case, to file exceptions that are purely technical: Road in Verona, 21 W. N. C. 534; Oxford Alley, 8 Pa. C. C. 221 ; Road in Sterrett, 114 Pa. 627.

It is only when the exceptions are to matters of substance, fatal if sustained, and these matters appear upon the record, that the court may permit exceptions to be filed nunc pro tunc: O'Hara Twp. Road, 152 Pa. 319 ; North Union Twp. Road, 150 Pa. 512.

The only question was, and is, whether the viewers' report must show affirmatively an effort to obtain releases.    That it need not is well settled: Chartiers Twp. Road, 34 Pa. 413 ; McConnell's Mill Road, 32 Pa. 85 ; Road in South Abington, 109 Pa. 118, 124 ; Road in Kingston, 134 Pa. 409 ; Melon St., 182 Pa. 397.

The quarter sessions decision in the Cogan House Twp. Road case is fully disposed of in the later decisions of the Supreme Court, above cited, reported in 109 Pa. 118, 134 Pa. 409, and 182 Pa. 397.

The fact that no damages are awarded the appellant, imports a finding by the viewers that no damages have been sustained by her: Road in Kingston, 134 Pa. 409: Road from Point-no-Point, 2 S. & R. 277.

It is objected that the improvements are not noted.

In the first place, the Act of March 30, 1859, P. L. 309, does not require viewers in Washington county to note improvements.

The act of 1836 provides that improvements shall be noted on the draft, but it is sufficient if they be referred to either in the draft or in the report: Schuylkill Falls Road, 2 Binn. 250 ; McCall's Ferry Road, 13 S. & R. 25 ; Road in Bart. Twp., 13 S. & R. 83 ; Julianna Street, 13 S. & R. 445.

And if the viewers have omitted to note the improvements, it is not necessary to set aside the report for this reason, but it may be referred back to them for this purpose (Potts's App., 15 Pa. 414 ; Towamencin Road, 10 Pa. 195 ; New Hanover Road, 18 Pa. 220 ; Hilltown Road, 18 Pa. 233 ; Beigh's Road, 23 Pa. 302 ; Springdale Twp. Road, 91 Pa. 260 ; Road in Plum Twp., 2 Pgh. 184 ; Hempfield Twp. Road, 122 Pa. 439), or, the omission to show improvements may be supplied by amendment. Road in Kidder, 9 Luz. L. Reg. 10.

The principles laid down by Mr. Black apply to final judgments; they are applicable a fortiori to interlocutory orders. The extent to which the courts of Pennsylvania have gone in supplying or correcting record entries so as to make them correctly show what had been done in the course of a proceeding, is illustrated by Murray v. Cooper, 6 S. & R. 126; Dyott v. Commonwealth, 5 Whar. 67, 80; Rolland v. Commonwealth, 82 Pa. 306, 332, and the cases cited in Sheppard's Election, 77 Pa. 295, 303–305.

OPINION BY RICE, P. J., October 10, 1898:

The report of viewers approved nisi at August term, 1896, recommended that the width of the road be fixed at fifty feet, but the record, as made up at that time, failed to show, that the court made any determination as to the width, except such as might be implied in the approval of the report. No exceptions were filed, however, and at the succeeding November sessions the report was confirmed absolutely. In December of the same year an order to open issued, and two months later the appellant petitioned the court to take off the confirmation and allow her to file the following exceptions nunc pro tunc:

" 1. It does not appear in the report of viewers or otherwise that application was made to the owner of the land through which the road passes for release of damages.

" 2. The record does not show that notice was duly served on the owners, through whose land the road is laid out, of the time and place fixed for the assessment of damages.

" 3. It does not appear from the record that the viewers considered the question of damages to the exceptant at all, though the road passes for a considerable distance through her lands.

" 4. Though the petition for said road states that one of the termini of said road is in the suburbs of Washington, Pa., and therefore in a populous district, the improvements along the entire route of the road are not properly noted in the report of viewers, or in the draft accompanying it.

" 5. The land of your petitioner is erroneously described in said draft as belonging to 'Stevenson heirs.' In December, 1897, she was permitted to amend her petition by inserting therein, as an additional reason for striking off the confirmation, the following exception:

"'6. The record fails to show that there was any special action or decree of the court fixing the width of said road.'"

Upon the presentation of this petition a rule to show cause was granted. Answers were filed by parties interested in which it was alleged, inter alia, that the representative of the petitioner was present at the view, and that prior to the presentation of the petition the road was opened throughout its entire length pursuant to an order duly issued by the clerk of the court. A replication was filed by the petitioner, depositions were taken as to some of the matters of fact involved in the exceptions, and after hearing the court discharged the rule. Five days later, on motion of counsel for the petitioner for the road the court made this decree:

"And now, January 24, 1898, the court being satisfied that at August sessions, 1896, when the report of viewers in this case came before it for approval, the court orally directed the clerk to enter a decree approving the report and fixing the breadth of the road at fifty feet, but a question being now raised as to whether the record as made up by the clerk sufficiently shows the action of the court fixing the breadth of said road, it is ordered and decreed (to the end that the record may be made to show fully and correctly what the court actually did in the premises), that the docket entry made by the clerk of the action of the court at August term, 1896, be and the same is amended nunc pro tunc, so as to read as follows: 'August term, 1896. Report of viewers approved and the road directed to be opened at the breadth of fifty feet.'" On the same day the petitioner appealed and has assigned for error (1) the discharge of her rule; (2) the refusal to permit her to file exceptions nunc pro tunc; (3) the decree above quoted.

The duty of viewers appointed under the local Act of March 30, 1859, P. L. 309, as to assessing damages and obtaining releases from land owners is substantially the same as that prescribed by the Act of February 24, 1845, P. L. 52. It has been held under the latter act that the omission of reviewers to report damages in favor of a party is equivalent to a finding that he will sustain none: Road in Kingston, 134 Pa. 409. See also Road from Point-No-Point, 2 S. & R. 277. Nor is the mere omission of the viewers to report that they endeavored to obtain releases fatal: Road in South Abington, 109 Pa. 118,

and cases there cited. The presumption that the viewers did their duty will prevail unless there is something on the face of their report from which an inference to the contrary may legitimately be drawn, as in North Union Township Road, 150 Pa. 512, or the fact be established by evidence. There is nothing on the face of this report to prevent the presumption from arising and the case is not before us for review upon the evidence. This is all that need be said concerning the first and third exceptions.

The second exception was withdrawn on the argument, and the fifth was not pressed. It has no merit and need not be discussed.

The act of 1859, supra, provides that "a draft or plot of the location to be filed by the clerk with the papers in the case," shall accompany the report. Nothing is said as to noting the improvements. Granting, however, that the provision of the act of 1836 is in force in Washington county, the omission to note the improvements was not an incurable defect. If exception had been duly taken, the court might have referred the report back for correction: Towamencin Road, 10 Pa. 195, 198; Potts's Appeal, 15 Pa. 414; New Hanover Road, 18 Pa. 220; Hempfield Township Road, 122 Pa. 439. As soon as the objection was raised the viewers made a supplemental report curing the defect, and this was before the court when the rule in question was considered and disposed of. Under these circumstances the court committed no error in refusing to strike off the confirmation on this ground: Road in Sterrett Township, 114 Pa. 627.

The fourth section of the act of 1836 provides that, if the court approve a report of viewers, it shall direct of what breadth the road so approved shall be opened, and at the next court thereafter the whole proceedings shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public highway. The breadth of the road is to be fixed by the court, not by the viewers. This cannot be done by a general rule of court, and the court is not bound by their recommendation. A very plausible argument might be made to show that the approval of their report without more might be construed as an adoption of their recommendation. It seems to have been so held under the act of April 6, 1802: Road in Aston

Township, 4 Y. 372. But a stricter rule was laid down in Road to Ewing's Mills, 32 Pa. 282, and it may therefore be considered as settled that if the record does not show a special order fixing the width of the road the proceedings will be reversed upon appeal taken within the statutory period after final confirmation. After that time the presumptions in favor of the proceedings of courts of record ought to prevent one, who knew of the proceedings, and raised no objection until after the road was opened, from alleging on appeal that it is not a legal road.

If we are correct in the foregoing conclusion, the amendment of the record so as to make it conform to the fact was not prejudicial to any right of the appellant; and that the courts of record have power at the common law, and independently of any statute, to make such amendments is well settled: 2 T. & H. Pr. 2190–2195 ; Herring v. Philadelphia, 1 Walker, 4, and cases there cited ; Com. v. Silcox, 161 Pa. 484.

Where a person affected with notice of the proceedings from the beginning has allowed the time for having them reviewed on appeal to expire, he cannot accomplish the same object by moving the court to strike off the order of confirmation and then appealing from the refusal of the court to grant his motion : Adams's Township Road, 130 Pa. 190 ; In re Road in Salem, 103 Pa. 250 ; Road in Wilkins's Township, 5 Cent. Rep. 701.

All the assignments of error are overruled and the appeal is dismissed at the costs of the appellant.