## Winter Avenue.

*Road law—Appeals—Rule to strike off order of confirmation.*

The general rule in road cases is that a person affected with notice of the proceedings from the beginning who has allowed the time for having them reviewed on appeal to expire, cannot accomplish the same object by moving the court to strike off the order of confirmation and then appealing from the refusal of the court to grant his motion.

*Road law—Assessment of damages and benefits—Opening street—Act of May* 16, 1891, *P. L.* 75.

Under the Act of May 16, 1891, P. L. 75, viewers may be appointed to assess damages and benefits under a municipal ordinance providing for the opening of a street at a confirmed grade before the actual physical opening at the established grade.

In such a case, as the opening of the street and the establishment of the grade are integral parts of a single improvement, it is proper for the viewers in estimating and determining the damages to treat the improvement as an entirety. If only the opening of the street had been ordained, a different question would be presented.

Argued May 12, 1903. Appeal No. 59, April T., 1903, by J. W. Stritmater, from order of C. P. Lawrence Co., Dec. T., 1901, No. 18, discharging rule to set aside road proceedings in In re Opening of Winter Avenue. Before RICE, P J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to set aside proceedings in road case. Before WALLACE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule.

*A. W. Gardner*, with him *John G. McConahy*, for appellant.—It is idle to bolster up an assessment that must be merely speculative and guesswork of the rankest kind, by any act of assembly which by its language might seem to indicate that the assessment could be made and the viewers appointed before the work is done. Want of jurisdiction can be taken advantage of any time : Road in Dunbar Township, 12 Pa. Superior Ct. 491 ; Schuylkill Co. v. Minogue, 160 Pa. 164.

A municipal corporation can create a valid assessment and file a lien therefor only in the manner authorized by law : McKeesport v. Fidler, 147 Pa. 532 ; Morewood Avenue, 159 Pa. 39.

The damages accrue and the right to have them assessed begin only when the actual physical change is made on the ground : Phila. Ball Club v. Phila., 192 Pa. 632 ; Allegheny v. King, 18 Pa. Superior Ct. 182 ; Clark v. Phila., 171 Pa. 30 ; Righter v. Phila., 161 Pa. 73 ; Ogden v. Phila., 143 Pa. 430 ; Chatham St., 16 Pa. Superior Ct. 103 ; In re Widening 5th St., 14 Pa. C. C. Rep. 400 ; Rodgers v. Philadelphia, 181 Pa. 243 ; O'Brien v. Phila., 150 Pa. 589.

The Act of May 16, 1891, P. L. 75, has introduced no new rule for the estimation and measure of damages in the opening of change of grade of streets, and many of the later cases cited herein are founded upon it : Dawson v. Pittsburg, 159 Pa. 317.

This court will consider in connection with the record the undisputed facts, and if facts are admitted to be true which clearly establish that the court had no jurisdiction to enter the judgment of confirmation, or that said judgment was erroneous as a matter of law, it will be stricken off : Stevenson v. Virtue, 13 Pa. Superior Ct. 103 ; Bryn Mawr Nat. Bank v. James, 152 Pa., 364.

The motion or rule to strike off is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of : North v. Yorke, 174 Pa. 349 ; Act of May 20, 1891, P. L. 101 ; Park Avenue Sewers, 169 Pa. 433.

*James A. Gardner*, city solicitor, for appellee.—The limitation of time in which to take this appeal having expired on August 24, 1902, the appellant cannot rely upon, or make his petition to strike off and vacate, etc., extend the time for taking his appeal; and cannot rely on an appeal taken on the refusal to strike off, &c.: Mayer v. Brimmer, 15 Pa. Superior Ct. 451.

The making of said application did not toll the running of the six months' limitation for appeals : Frazier's Est., 7 Pa. Superior Ct. 473; S. C. 188 Pa. 415; Cowen v. Penna. Plate Glass Works, 188 Pa. 542; Supervisors v. Broadhead, 9 Atl. Repr. 63; Brown v. Sch. Dist., 16 Atl. Repr. 32.

The legislature may provide for the assessment of damages and benefits prior to the opening, and also for the prospective damages for the grading : Philadelphia v. Dickson, 38 Pa. 247; Whitaker v. Phœnixville, 141 Pa. 327 ; Volkmar St., 124 Pa. 320 ; Philadelphia v. Dyer, 41 Pa. 464; Campbell v. Philadelphia, 108 Pa. 300 ; Plan 166, 143 Pa. 414.

But it cannot be contended that the court had not jurisdiction of assessment proceedings for the opening of streets, and had also of the person of the appellant; and even if the proceedings were voidable the appeal is too late : Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1; Mayer v. Brimmer, 15 Pa. Superior Ct. 451.

An opening ordinance and a petition to court in pursuance thereof is a sufficient appropriation for the appointment of viewers: Volkmar St., 124 Pa. 320 ; Whitaker v. Phœnixville, 141 Pa. 327 ; Norris's App., 61 Pa. 422.

OPINION BY RICE, P. J., October 5, 1903 :

By an ordinance approved March 21, 1901, the city of New Castle located and established Winter avenue, from Highland avenue to Mercer street, of the width of fifty feet and fixed the grade thereof. By an ordinance approved July 24, 1901, the street between the points above named was "directed to be opened according to the location, width and grade as fixed and established by the ordinance" above referred to, and it was further ordained, "that the damages and benefits resulting therefrom be assessed as provided by Act of Assembly of May 16, 1891, P. L. 75." In September of the same year, upon the peti-

tion of the city reciting the aforesaid ordinances, the court appointed viewers and directed them to proceed " over the line of said improvement and view the same and the premises affected thereby and assess the damages of said improvement upon the properties benefited, etc., as provided by law."  The fair construction of the order is that the viewers were to ascertain and assess, in the mode prescribed in sections two and three of the Act of May 16, 1891, P. L. 75, the damages and benefits accruing from the opening of the street at the grade established by the ordinance.  The order did not contemplate the assessment of the " cost and expenses " as distinguished from the " damages," upon the properties benefited; nor did the viewers take them into consideration.  We call attention to this fact to distinguish the case from Greentree Avenue, 21 Pa. Superior Ct. 177.  The viewers prepared a schedule of the damages and benefits, which, according to their report, showed " the damages for the opening of said street at the confirmed grade, as per profile annexed," and gave due notice to all parties interested of the time and place when and where they would meet and exhibit the schedule and hear exceptions thereto and evidence.  We now quote from their report: " That they found the damages (being for land taken) to be $1,691.55, and that the properties abutting on the said proposed street are benefited to the said amount of damages, and we have assessed the same as per schedule hereto annexed. At the time said schedule was exhibited the following property owners " (the appellant being one of the owners mentioned) " appeared and objected to the assessment, but gave no evidence, and made no request for findings of law and fact, and filed no exceptions, and the viewers saw no reason to change their schedule."  The amount assessed for benefits against the appellant's property was $472.50.  He neither appealed from, nor excepted to, the report, and in due course it was confirmed absolutely on February 24, 1902.  On June 2, 1902, he petitioned the court to vacate and set aside the appointment of viewers and all the subsequent proceedings, alleging in his petition that when the order appointing viewers was made, the said street had not been opened at the established grade, nor at any grade whatever.  The court awarded a rule to show cause why the prayer of the petition should not be

granted, and the city filed an answer in which it was stated that the foregoing allegation of fact was "neither admitted nor denied, the same being irrelevant." After hearing on petition and answer the court discharged the rule on September 1, 1902. On September 5, 1902, the statutory time for appealing from the final order of confirmation having expired, the city paid to Mary A. Winter $1,500, the amount awarded to her as damages. The present appeal was taken on September 22, 1902, the matter assigned as error being the discharge of the rule to set aside the proceedings.

Section 4 of the Act of May 19, 1897, P. L. 67, regulating appeals to this court, provides that no appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from. The pendency of the rule to show cause did not have the effect of tolling the statute : Frazier's Estate, 7 Pa. Superior Ct. 473 ; 188 Pa. 415. The general rule in road cases is, that a person affected with notice of the proceedings from the beginning who has allowed the time for having them reviewed on appeal to expire, cannot accomplish the same object by moving the court to strike off the order of confirmation and then appealing from the refusal of the court to grant his motion : Road in North Franklin Township, 8 Pa. Superior Ct. 358, citing Road in Adams Township, 130 Pa. 190; In Road in Salem, 103 Pa. 250 ; Road in Wilkins Township, 5 Cent. Repr. 701. But it is argued that this rule does not apply where the decree or order is null and void on its face (see Crescent Township Road, 18 Pa. Superior Ct. 160, and Hector Township Road, 19 Pa. Superior Ct. 124), and cannot be invoked in the present case, because, as stated in the petition, " the court had no legal power, jurisdiction and authority by virtue of the Act of Assembly of May 16, 1891, P. L. 75, or any other law of this commonwealth, to appoint said viewers to assess the alleged damages and benefits before the actual physical opening and reduction of said street to the established grade as provided by the aforesaid ordinance, and that no damages or benefits accrue from any source whatsoever until the work is actually done on the ground." This contention, it will be noticed, is based on the allegation in the petition to strike off of a fact which does not appear in the record proper ; and although the appellant had

actual notice of the proceedings and appeared before the viewers, he saw fit to permit the proceedings to go on to final confirmation without bringing the fact to the notice of the court. It is questionable, to say the least, whether he could raise the objection afterwards. But assuming for a moment that the street had not been physically opened at the established grade, is it true that the appointment of the viewers was null and void for want of jurisdiction? The first section of the Act of May 16, 1891, P. L. 75, provides that all municipal corporations shall have power, whenever it shall be deemed necessary in the "laying out, opening, .... or grading of streets, lanes or alleys, .... to take, use, occupy or injure private lands property or material; and in case the compensation for the damages or the benefits accruing therefrom have not been agreed upon, any court of common pleas of the proper county, .... on application thereto by petition by said municipal corporation, or any person interested shall appoint" viewers, and fix a time not less than twenty days nor more than thirty days thereafter, "when said viewers shall meet upon the line of the improvement and view the same and the premises affected thereby." The second section directs the viewers, inter alia, to "estimate and determine the damages for property taken, injured or destroyed, to whom the same is payable, and having so estimated and determined the damages, together with the benefits as hereinafter mentioned, they shall prepare a schedule and give notice to all parties to whom damages are allowed, or upon whom assessments for benefits are made. The remaining provisions of this section need not be referred to; it is sufficient to say that they were strictly followed by the viewers in the present case. The third section provides that payment of the damages sustained by making of the improvements aforesaid may be made, " either in whole or in part, by the corporation, or in whole or in part by assessments upon the property benefited by such improvements, as said viewers may determine and the court approve, and in the latter case, the viewers appointed to assess damages, having first estimated and determined the same apart from benefits, shall also assess the said damages, or so much thereof as they may deem just and reasonable, upon the properties peculiarly benefited by the improvement, including in the said assessment all properties

for which damages have been allowed, if, in their judgment, such properties will be benefited thereby." If the legislation ended here it might be argued with some plausibility that the appointment of viewers before the improvement was actually made would be premature. But the fourth section provides expressly that "the viewers provided for in the foregoing sections may be appointed before or at any time after the entry, taking, appropriation or injury of any property or materials for constructing said improvements, "and in the seventh section the municipality is authorized to repeal the ordinance, and discontinue the proceeding, "prior to the entry upon, taking, appropriation or injury to, any property or materials, and within thirty days after the filing of the report of viewers assessing damages and benefits," whereupon it is relieved from liability for damages "which have been, or might have been, aesessed," but is bound to pay the costs of the proceeding, "together with any actual damage, loss or injury sustained by reason of such proceedings." The difficulties in the way of a judicial ascertainment of the damages and benefits before the street is actually opened at the established grade are not insuperable, and it is argued with much force that this objection is more than counterbalanced by the advantages to be derived from such ascertainments before the work is entered upon. Thereby the city is enabled to determine whether in view of the damages it will be compelled to pay, it will be justified in making the improvement. But it is not incumbent on us to show the wisdom of the statute. The will of the legislature has been expressed in plain and unequivocal terms which leave no room for doubt that the court had authority, upon the petition of the city, to appoint viewers to estimate and determine the damages accruing from the improvement as a whole, namely, the opening of the street at the established grade, and to assess the same upon the properties benefited. None of the numerous decisions cited by the appellant's counsel is based on a construction of the fourth section of the act of 1891 which conflicts with the foregoing conclusion. They establish the principle that claims for opening and for grading a street may be enforced at different times and by different proceedings when the opening and the grading are distinct municipal acts and are so far separated in time that the damages for the grading cannot be recovered with

those for the appropriation of the land. But here the opening and the grading were not ordained as distinct municipal acts to be performed at different times, but as integral parts of a single improvement. It was proper, therefore, for the viewers in estimating and determining the damages to treat the improvement as an entirety. If only the opening of the street had been ordained a different question would be presented.

Order affirmed and appeal dismissed at the costs of the appellant.