# Union Township Road.

*Road law—Irregular proceedings—Quarter sessions—Common pleas.*

A petition for the appointment of road viewers is not fatally defective because it is addressed to the common pleas, where it appears that it was actually filed in the quarter sessions and endorsed in that court, and that all the subsequent proceedings, including the appointment of viewers, and the confirmation of their report, were made by that court.

*Road law—Viewers—Report—Defective proceedings.*

Where road viewers fail to report within the term, the same viewers may be appointed under the same petition at the next regular term.

The fact that only two out of three viewers signed the report is not a ground for setting aside the proceedings three years after the final confirmation of the report and after the road had been opened and public money expended thereon to a considerable amount.

*Road law—Termini—Practice, Q. S.*

Where a road has been opened and in use by the public for years, the proceedings to open the road will not be set aside because the termini were somewhat indefinite in their location.

Argued Oct. 26, 1905. Appeal, No. 126, Oct. T., 1905, by DuBois Borough, from order of Q. S. Clearfield Co., Sept. T., 1899, No. 4, setting aside road proceedings in case of Union Township Road. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition to set aside road proceedings. Before PATTON, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* are quoted at length in the opinion of the Superior Court.

*Singleton Bell,* of *Bell & Hartswick,* with him *Thos. H. Murray, J. P. O'Laughlin* and *Hazard Alex. Murray,* for appellant.—If either terminus is fixed the other may be ascertained by courses and distances: Road in Dunbar Twp., 12 Pa. Superior Ct. 491; Hector Twp. Road, 19 Pa. Superior Ct. 120; Bean's Road, 35 Pa. 280; Sterrett Twp. Road, 114 Pa. 627.

As to the view and report being by but two viewers. We say it has taken them too long to find that out: Road in Wilkin's Twp. Road, 5 Cent. Repr. 701 ; Adams Twp. Road, 130 Pa. 190 ; Road in North Franklin Twp., 8 Pa. Superior Ct. 358 ; Winter Avenue, 23 Pa. Superior Ct. 353.

*W. C. Pentz*, for appellee.—Where the order of review had expired before its execution, all subsequent proceedings under it, were unauthorized: Road in Reserve Township, 2 Grant, 204 ; Hansberry Street, 7 Pa. Dist. Rep. 505 ; Frankstown Twp. Road, 26 Pa. 472; Harris v. Mercur, 202 Pa. 313.

The proceedings were in the wrong court: Bryson's Road, 2 P. & W. 207 ; Road in Lower Towamensing Twp., 10 Pa. Dist. Rep. 581; Benjamin v. Armstrong, 2 S. & R. 392 ; English v. English, 19 Pa. Superior Ct. 586 ; Harris v. Mercur, 202 Pa. 313 ; Norwegian Street, 81 Pa. 349.

If only two of three road viewers participate in a view the error is fatal: Ryan Township Road, 3 Kulp, 76 ; Plains Twp. Road, 7 Kulp, 233 ; Foster Township Road, 1 Kulp, 249 ; In re Springbrook Road, 64 Pa. 451 ; Butler Twp. Road, 6 Kulp, 443 ; Ashley Boro. Road, 10 Kulp, 257.

Each terminus of a proposed road must be a highway or at some place to which the public resorts, and where neither the petition nor the accompanying draft shows such termini, the proceedings are invalid and insufficient to support a decree of confirmation : Frankford Township Road, 11 Pa. Dist. Rep. 78 ; O'Hara Twp. Road, 152 Pa. 319.

Although the road may have been opened and money spent on it, yet that cannot cure the jurisdiction : Bennett v. Hayden, 145 Pa. 586 ; Smith v. Wildman, 178 Pa. 245 ; O'Hara Twp. Road, 152 Pa. 319 ; Frankford Twp. Road, 11 Pa. Dist. Rep. 78 ; Winslow Road, 10 Pa. Dist. Rep. 750 ; Taylor & Co. v. Knipe, 2 Pearson, 151.

OPINION BY MORRISON, J., December 11, 1905 :

This record might be fitly described as a comedy of errors, but the only questions which can now be considered are such as go to the jurisdiction of the court, as it is too late to review the irregularities and errors which might have been raised by exceptions before the final confirmation. It is and must be

conceded that the proceedings must now stand unless they are found to be void. Of course a void judgment, decree or order can be stricken from the record at any time when it is brought to the attention of the court.

On May 19, 1899, a petition was presented to the court for the appointment of viewers to lay out a public road and three viewers were appointed. These viewers not having acted in pursuance of their appointment, the same petition was again presented to the court on December 4, 1899, and the same viewers were reappointed. On February 9, 1900, viewers' report filed, and February 15, 1900, confirmed nisi. On May 11, 1900, confirmed absolutely and on October 11, 1900, order to open issued.

After this road had been opened and public money expended thereon to a considerable amount, the borough of Du Bois on December 14, 1903, petitioned the court to set aside the confirmation and strike off the report because but two viewers met and acted and made report and for other reasons stated in the petition. On this petition a rule to show cause was granted as prayed for.

It appears from the record that on December 21, 1901, a petition was presented and viewers appointed to view, vacate and supply the road in question and that on April 22, 1902, the viewers reported against the prayer of the petition to vacate and supply. On November 22, 1904, PATTON, P. J., of the 33d judicial district, specially presiding, filed a lengthy opinion reviewing the alleged errors in the record and proceedings of the road laid out and opened as above referred to and made the following decree : " And now, November 26, 1904, the petition is granted, the report of the viewers is set aside and all proceedings quashed and the respondents directed to pay the costs."

The assignments of error are as follows : 1. The court erred in stating in the opinion as follows: " The order issued to the viewers has upon it both the seals of the common pleas and quarter sessions." 2. The court erred in stating in the opinion filed as follows : " Neither the petition, the report of the viewers or draft set forth the township or county in which the road is located." 3. The court erred in its decree, which decree is as follows : " Now, November 26, 1904, the petition is

granted, the report of viewers is set aside and all proceedings quashed and the respondents directed to pay the costs."

We only find in this record three questions which seem worthy of consideration, in view of the fact that no exceptions were filed to the original report of viewers and that the road was lawfully opened and in use by the public for about three years prior to the attempt to set aside and quash the proceedings.

1. It is said that the original petition was addressed to the court of common pleas and that it did not designate the township or county in which the proposed road was located. It is true that the petition was inadvertently addressed to the court of common pleas, but it was filed in the quarter sessions and indorsed in the same court and the order to the viewers was issued from the quarter sessions and signed by the clerk thereof, and the seal of that court was impressed upon the order. It appears that the seal of the court of common pleas was first, by mistake, placed upon the order but the clerk certifies that this was a mistake and that he immediately corrected it by impressing the quarter sessions' seal over it. In addition to what has been said, the report of viewers was made to the court of quarter sessions, filed therein, and confirmed by said court both nisi. and absolutely and the order to open was issued from the same court. We therefore conclude that the objection that the proceedings were not in the court of quarter sessions is wholly without merit. We also think that it sufficiently appears in the petition, proceedings, orders, etc., that the proposed road was in Union township, Clearfield county, and that there is no merit in that objection.

2. It is strenuously contended that the report and all proceedings founded thereon are void because it was only signed by two viewers. In our opinion this objection does not warrant the conclusion that the proceedings were void. The court of quarter sessions had jurisdiction of the subject-matter and appointed three viewers, and we think this appointment was regular, notwithstanding the fact that the same viewers were appointed at the May and December terms, 1899. The viewers having failed to act under the first appointment, it is very clear that the court had power at the next regular term to reappoint the same or other viewers upon the same petition. This was

done and the viewers directed to report at the next regular term, and they did report at said term. Therefore, we see no merit in the objection that the viewers did not report at the December term. All of the cases upon this point hold in favor of the regularity of the action of the court in continuing the authority of the viewers by reappointing them on December 4, 1899, and ordering them to report at the next term.

As to the objection that only two viewers reported, we do not consider it fatal to the proceedings. No exception was filed to the report and it is not denied but practically conceded that the party instrumental in having the proceedings set aside and quashed had full notice of the original petition and all the proceedings, and never filed an exception nor moved to have the proceedings set aside, until about three years after the final confirmation. In view of the facts in this case, we think it ought now to be presumed that before the final confirmation of the report of viewers, the court ascertained to its satisfaction that the viewers were all qualified and present, notwithstanding the fact that the report is only signed by two viewers and does not show on its face that the other one was present and qualified.

In Springbrook Road, 64 Pa. 451, this question was passed upon by the Supreme Court and SHARSWOOD, J., speaking for the court, said (p. 453) : " Everything is to be presumed in favor of the regularity of the proceedings in a court of justice ; . . . . The second assignment of error is, that it does not appear by the report that the viewers were all present. This exception was not made in the court below, and if made there in all probability the report would have been amended according to the fact. . . . It is enough to say that it has often been decided in this court that it need not appear on the face of the report that all the viewers were present at the view." Citing several cases.

We think the question of the report being signed by but two viewers was raised too late. To sustain the decree of the court below will in effect allow the petitioners to appeal from the final confirmation of these road proceedings more than three years after the entry of the final decree. If the petitioners were aggrieved, they ought to have appealed within six months from May 11, 1900, and this rule applies with great

force where they do not deny having due notice and knowledge of the proceedings : Road in Adams Township, 130 Pa. 190; Road in North Franklin Township, 8 Pa. Superior Ct. 358; Winter Avenue, 23 Pa. Superior Ct. 353. In re Road in Elk Township, 2 Pa. C. C. Reps. 45, McPHERSON, J., held as stated in the syllabus : " A jury of three reviewed a road, only two of whom signed. Of these two, one had been notified by mistake, another party having been appointed. The exceptant was present at the view and made no objection. Held, that the analogy of the rule concerning jurors would be followed and the report would not be set aside." This ruling was made when exceptions had been filed in due time, and if it is sound, and we think it is, it applies with much greater force where the question is not raised until more than three years after confirmation. See also Commonwealth v. Robert Thompson, 4 Philadelphia, 215, opinion by ALLISON, J.; also Millcreek Road, 9 Pa. C. C. Reps., 592, McPHERSON, J.

The court below cites and seems to rely on Morrison's Lane, 3 S. & R. 210, where it was not stated in the report of the reviewers of a public road that they were all sworn, the proceedings were quashed. But this was raised by exceptions at the proper time and we do not regard it in conflict with Springbrook Road, 64 Pa. 451, and if it were, the latter case would control because the decision was made in 1870, while the former was made under the act of 1815 in 1817.

The court also cited and relied on O'Hara Township Road, 152 Pa. 319, but we do not consider it controlling because in that case the appeal was promptly taken. The court cited Norwegian Street, 81 Pa. 349, but that was a decision on exceptions duly filed. Nor do we consider Harris v. Mercur, 202 Pa. 313, cited by the court below, a controlling case on the facts before us.

3. The only other objection to the record which we consider at all serious is that the termini of the road are not fixed with sufficient accuracy. In considering this question it must be borne in mind that this road had been open and in use by the public for more than three years before the present attack upon it. The petition called for a public road to begin at the old supply road near a mine operated by Henry Wertz, and to intersect the road from Home Camp to Rockton, about one mile

below Home Camp. The report of viewers shows that they began "at a point on the old supply road near coal mine opened by Henry Wertz" and thence located the road by courses and distances to a point "eight feet south from a line and parallel with it with centre of road to road leading from Home Camp to Rockton at post by marked stump, a plot or draft of road as laid out aforesaid is hereunto annexed, showing courses, distances and improvements which road is necessary in our opinion for a public road." If we assume that the starting terminus is sufficiently accurate, there is no question but what the road can be located by a surveyor following the courses and distances and this will inevitably locate the other terminus, regardless of the post and marked stump referred to. Where a road has been opened and in use by the public for years, we do not think it should be considered void because the termini are not fixed with such accuracy as many of the cases require. It is not improbable that if exceptions had been filed before confirmation, or if the question under consideration had been raised by petition and motion before the road was opened and public money expended thereon, the location of the termini of this road might have been held too indefinite : Hector Township Road, 19 Pa. Superior Ct. 120 ; O'Hara Township Road, 152 Pa. 319. In both of these cases the attacks upon the records were promptly made.

In the present case there does not seem to have been any difficulty encountered in locating and opening the road and we do not think the inaccurate description of the termini furnishes grounds sufficient to warrant setting aside the report and the proceedings at this late day. Moreover, we think the termini are located better than in O'Hara Township, and Hector Township Roads.

We sustain the second and third assignments of error, and reverse the decree and reinstate the proceedings and the road, and order that the costs of this appeal be paid by the appellee.