## Delaware Avenue.

67　309
147　247

1. Under the Act of May 3d 1869 (Roads in Philadelphia), the Quarter Sessions in setting aside a report must expressly state that the report was set aside in pursuance of an exception sustained by the court.

2. The order in such a road case was "report set aside." The order was reversed.

January 9th 1871. Before Thompson, C. J., Read, Agnew and Williams, JJ. Sharswood, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Philadelphia:* No. 196, to July Term 1869.

On the 5th of October 1868, the Court of Quarter Sessions of Philadelphia, on the petition of Samuel B. Bailey, appointed viewers to assess damages to him by reason of the opening of Delaware Avenue, between Davis and Catharine streets, through a piece of ground owned by the petitioner. The viewers reported that they held a number of meetings, as set out in their report, and that there were present at these meetings the counsel of the petitioner, counsel of the estate of Daniel McCarthy, deceased, and counsel of the City of Philadelphia; and that they had examined a number of witnesses named in the report. They further reported that Samuel B. Bailey had sustained damages in the sum of $10,000 and that the estate of Daniel McCarthy had sustained no damage.

The report was filed January 16th 1869, and on the 5th of February the executors of McCarthy filed exceptions, because the viewers refused damages to the estate of McCarthy; notwithstanding the land taken was 87 feet front by 50 feet and was worth $5 per foot, and notwithstanding they had awarded $10,000 for the Bailey property which adjoined McCarthy.

On the 11th of March, the City filed exceptions, because the damages were excessive.

On the 28th of June, the court made this order: "Report set aside."

A certiorari from the Supreme Court was thereupon issued, at the instance of Bailey, who assigned for error:—

The "setting aside the report of the jury so far as Samuel B. Bailey is affected thereby."

*D. W. Sellers* and *J. W. Paul*, for Bailey.—The court should have given the reason for setting aside the report: Act of May 3d 1869, Pamph. L. 1247, which provides "that no report * * * shall be set aside, unless in pursuance of some exception filed * * * and in all cases now pending, or hereafter to be brought in the Supreme Court, by certiorari to the order * * setting aside the report * * the said order shall be revised, and the cause remanded for further proceedings, if it does not *expressly* appear from the record, that said order was made in pursuance of an exception * * sustained by the court below." The court

should have confirmed the report as to one landholder and set it aside as to another : City *v.* Dickson, 2 Wright 247 ; Railroad *v. v.* Boyer, 1 Harris 497 ; Turnpike Road *v.* Brosi, 10 Id. 29.

*C. H. Gross* and *T. J. Barger*, for the City.—Upon certiorari nothing but the regularity of the proceedings as appearing upon the record, is brought into question : Spring Garden Street, 4 Rawle 192 ; Philadelphia and Trenton Railroad, 6 Wharton 25 ; Pennsylvania Railroad Co. *v.* The Lutheran Congregation, 3 P. F. Smith 445 ; Church Street, 4 Id. *353.* The Act of 1869 has not changed this practice. Each. claimant has not a right to a separate jury of viewers : Act of April 1st 1864, Pamph. L. 207. The decree of the Quarter Sessions was not final and the certiorari should be quashed :. Road in Kiskiminetas, 8 Casey 9.

*P. Archer* and *L. C. Cassidy,* for McCarthy's Estate.—The decree was interlocutory and certiorari does not lie : Schuylkill Falls Road, 2 Binney 250 ; Fretz's Appeal, 3 Harris 397 ; Opening Wharton Street, 12 Wright 487 ; nor does it bring up the evidence : Spring Garden Road, 7 Wright 144 ; Church Street, 4 P. F. Smith 353 ; Kirk's Appeal, 4 Casey 185.

The opinion of the court was delivered, January. 16th 1871, by AGNEW, J.:—It is not for this court to determine the motives of the legislature of 1869 in passing the Act of 3d May, relative to orders of road view and assessment of damages, in Philadelphia county, Pamph. L. 1869, 1247. They may not have been justifiable. But we find that the act, in the most direct and explicit language, declares " that no report of viewers appointed, &c., shall be set aside unless in pursuance of some exception filed to the said report as in the said act provided (13th April 1854), and in all cases, &c., brought into the Supreme Court by writ of certiorari to the order of the Court of Quarter Sessions, setting aside the report of a jury, the said order shall be revised and the cause remanded for further proceedings, if· it does not expressly appear from the record that the said order was made in pursuance of an exception or exceptions sustained by the court below." Exceptions were filed in this case, but it does not expressly appear in the order setting aside the report, that it was made in pursuance of any exception sustained by the court. *The entry is simply—* " report set aside." Under the first clause of the act quoted, we would undoubtedly be justified in interpreting the order setting aside the report, as made in pursuance of the exceptions previously filed. This would be a just implication from the record. But the second clause of the act takes away all implication, by declaring that it shall expressly appear from the record, that the order was made in pursuance of an exception sustained by the

[Delaware Avenue.]

court. It is necessary, therefore, that the Court of Quarter Sessions shall expressly state, in setting aside a report, what exception is sustained, and set it aside thereupon. The legislature seems to have supposed, that a hidden meaning might lurk in the short entry—"report set aside," without saying what exception is sustained, and that such an entry might cover grounds contained in no exception; and as a remedy it has required the court to state expressly the exception sustained on which the order to set aside is made. It is not a warrantable assumption that the eminent judges who adorn the bench of the Courts of Common Pleas and Quarter Sessions in this city, would act upon considerations not appearing in the record; yet the intention of the law, to require the ground of setting aside to appear on the record, is so clear we cannot disregard it. We are therefore compelled, in revising this case, as by the Act of 1869 we are commanded to do, to reverse the order setting aside the report, and to remand the cause to the Court of Quarter Sessions for further proceeding according to law.

Order reversed, and <em>procedendo</em> awarded.