# Paschall Street.

1. The 76th section of Act of June 13th 1866, requiring a petition for road viewers in Philadelphia to be presented thirty days before the term, is repealed by sect. 1 of Act of March 16th 1866.

2. Six viewers were appointed to assess damages; five only were qualified; they viewed and made a report. *Held* that the report was valid.

3. The Act of 1836 directs that viewers shall be sworn, &c., "to perform their duties impartially and to the best of their judgment;" being sworn, &c., "to perform their duties in the premises according to law," is sufficient.

4. A report of viewers was set aside and new viewers were appointed on motion, on the original petition. *Held* to be proper.

5. Cambria Street, 25 P. F. Smith 357; Charleston Road, 2 Grant 467; Little Britain Road, 3 Casey 69; New Hanover Road, 6 Harris 220, considered.

February 15th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia*: Of July Term 1874, No. 39.

The proceedings in this case were commenced June 5th 1871, by the petition of John Yewdall and Anne J. Yewdall, represent-

[Paschall Street.]

ing that they were owners of property on Paschall street, &c., in the Twenty-fourth ward of Philadelphia, which street had been laid out on the plans of the city and, by virtue of Acts of Assembly and city ordinances had been ordered to be opened, and that by the opening private property of the petitioners would be taken; the prayer was for the appointment of persons to view the premises and assess the damages sustained by the petitioners by reason of opening the street, &c.

Six viewers were on the same day appointed and endorsed on the petition.

On the 16th of March 1872 the viewers reported, assessing damages to certain of the property owners, amongst whom were Mary A. Pearson and others, heirs of Robert Chapman, deceased, on the street to be opened. Exceptions were filed to the report; it was set aside.

On the 30th of May 1872, on motion, six new viewers were appointed without presenting a new petition, and were endorsed on the old petition, and this petition endorsed as filed the same day. Five of the jurors reported that they met on the 12th of June 1872 and "were all duly sworn or affirmed to perform their duties in the premises according to law;" the sixth viewer was absent; an affidavit was made that he had been served with notice, but had afterwards been taken sick, and was sick at the time of the view. They further reported that they had viewed the premises, and held numerous meetings, heard evidence and arguments of counsel, and assessed damages to several of the property owners, amongst whom were the heirs of Robert Chapman—the damages awarded being less than those reported by the former viewers. They reported that the damages to others were compensated by the advantages derived from the opening of the street; that there had been no advantages accrued to property in the vicinity of the street which would justify requiring them to pay the damages, and that the damages should be paid by the city.

Exceptions were filed to this report by the heirs of Chapman and others.

On the 12th of November 1873 the exceptions were dismissed and the report confirmed.

Mary A. Pearson and the other heirs of Chapman took out this certiorari, and assigned for error that the court below erred in dismissing the exceptions to the report of the viewers and confirming their report.

The assignments of error presented the following points:—

1. That the petition was not presented thirty days before the commencement of the succeeding term of the court, according to the 76th section of the Act of June 13th 1836.

2. That but five viewers were qualified or acted.

[Paschall Street.]

3. That the viewers were not sworn, as provided by the Act of Assembly.

4. That the Act of Assembly authorizing the assessment of damages is unconstitutional as providing for a jury of six instead of twelve.

5. That the jurors, having been appointed upon the petition of the Yewdalls, had no jurisdiction to assess damages for the appellants.

*J. R. Rhoads* and *F. C. Brewster*, for certiorari.—Petitions for viewers for laying out or widening streets, &c., in Philadelphia, or for assessing damages, must be presented thirty days before the next term, &c.: Act June 13th 1836, sect. 76, Pamph. L. 566; 2 Br. Purd. 1285, pl. 110. No petition here was presented, but the viewers were appointed on motion on an old petition. Even if that were regarded as the presentation of a new petition it was re-filed and the jury appointed the same day : Byberry Road, 6 Phila. R. 143. There were but five viewers sworn or viewing, although six were appointed ; *all* the viewers *appointed* must be sworn ; those sworn did not take the proper oath : Act of 1836, *supra*, sect. 53, 2 Br. Purd. 1283, pl. 87 ; Cambria Street, 25 P. F. Smith 357. As to the constitutional question, they cited Vanhorne *v.* Dorrance, 2 Dallas 308.

*W. W. Wiltbank* (with whom was *C. H. T. Collis*, City Solicitor), contrà.—The requirement of the Act of 13th June 1836, sect. 76, was annulled by the Act of 16th March 1866, sect. 1, Pamph. L. 2242, Br. Purd. 1286, pl. 111. The court had authority to appoint a new jury on the original petition : Charleston Road, 2 Grant 467. It need not appear from the report that all the jurors were present, and the presumption is in favor of the regularity of the proceedings : Springbrook Road, 14 P. F. Smith 451 ; State Road in Lehigh and Bucks Counties, 10 Id. 330 ; Road in Little Britain, 3 Casey 69 ; New Hanover Road, 6 Harris 220 ; Case of Greenleaf Court, 4 Wharton 514. The jury were properly sworn or affirmed ; the report shows that they were qualified, according to law, to perform their duties : Road in Lower Macungie Township, 2 Casey 221 ; Road from Fitzwater Street, 4 S. & R. 106 ; Delaware Avenue, 17 P. F. Smith 309.

Mr. Justice GORDON delivered the opinion of the court, March 13th 1876.

This was a proceeding in the Quarter Sessions of Philadelphia county, on the petition of John and A. J. Yewdall, to ascertain and assess the damages that might result to the property of the petitioners in consequence of the opening of Paschall street, in its extension from Fifty-second to Haverford street, in the Twenty-

[Paschall Street.]

fourth ward of the city of Philadelphia. Some five exceptions were taken to the action of the court in the premises, and are here now submitted to us for examination. We will consider them seriatim.

1. That the requirement of the 76th section of the Act of June 13th 1836, requiring the petition to be presented thirty days before the commencement of the term of court at which the viewers are appointed, was not observed. The answer to this is, that the act referred to, which was a special act for Philadelphia, was repealed by that of 16th March 1866, sec. 1, which applied the provisions of the General Road Law to the city. The two acts are evidently inconsistent with each other, and it is apparent that the latter was designed to abrogate and supply the former.

2. That it does not appear that more than five of the viewers were qualified or acted. But as the terms of the statute are complied with, where five of the six are qualified and act, this exception cannot be sustained. If the act itself be not sufficient to convey its own meaning, it is helped out by the cases of the Road in Little Britain, 3 Casey 69, and the New Hanover Road, 6 Harris 220. We have been cited to the case of Cambria street, 25 P. F. Smith 357, as sustaining this exception. But a very cursory examination would have informed the counsel that that case was not in point, for there the sixth juror was sworn *after* he had made the view; and as he had acted and signed the report, we held that this defect could not be cured by treating the report as that of the five competent viewers.

3. That the jury was not properly sworn.

As we find nothing on the record beyond the statement that all the jurors present "were duly sworn or affirmed to perform their duties in the premises according to law," this exception must fall. As we must presume all things to have been rightly done, unless the contrary appear, and as the words, "according to law," necessarily mean according to the form prescribed by law, we must assume that the statute, in this particular, was complied with. In In re Cambria Street the form of the oath was specifically set forth as follows: "The other jurors were then each severally sworn or affirmed to the faithful discharge of their duties, the petition having first been read to them;" hence we were obliged to say that a form of oath different from the one prescribed by the Act of Assembly had been adopted. Had the words, "according to law," followed the above statement, the case would have been different, and the decision upon it would also necessarily have been different.

4. That the act is unconstitutional, in that it only provides for six instead of twelve jurors.

As this act has been treated by both bar and bench, for the last forty years, as constitutional, we may be excused if we pass this exception without further consideration.

[Paschall Street.]

5. That the jury appointed had no jurisdiction to assess the damages sustained by the appellant, and this, because the assessment was made upon a petition by John and A. J. Yewdall. This exception seems to me to be substantial. The words of the act are, "*any* of the owners may petition," &c. "And it shall be the duty of the jury to ascertain and report to the court, first, what damages *the parties claiming the same* are entitled to." I cannot, for my part, see how, under this act, one may have the right to claim damages for his neighbor; or how, on such claim, the city can be compelled to pay; for it does not follow he will claim such damages at all; and if he chooses not to interpose such claim, who may do it for him? This view of the case, however, is of no value at present, for, if it be correct, then the appellant has no standing to review these proceedings, because they do not affect her; she is but a stranger to them.

There was another point made in the discussion of this case which we may notice and dispose of as though regularly presented by exception; that is, that the second set of viewers were appointed under the old petition, after the report on the first view had been set aside. But there is no reason why this should not be done, for it would be an idle form first to withdraw and then re-present the petition, which would obviate the technical difficulty, if any there were; and besides this, a practice of this kind is approved in the case of the Charleston Road, 2 Grant 476.

Proceedings affirmed.