## Williams *et al.*, Executors of Anna M. Irwin, *versus* City of Pittsburgh.

83  71·
128  217·

The Act of Assembly of 13th June 1874 was intended to carry into effect the provisions of art. 16, sect. 8, of the Constitution, which gives a right of trial by jury in all cases of damages for land taken by municipal corporations and others for public use.

November 8th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1876, No 235.

The question involved was the same as that raised in Pusey's Appeal, *antea* 67. The facts were these : In 1873 the councils of Pittsburgh passed an ordinance providing for the opening of a part of Forty-seventh street in Pittsburgh. The report of the board of viewers to assess the damages for the opening of the street, was confirmed by the councils on October 1st 1874. On October 14th 1874, Henry W. Williams and John W. McCord, executors of Anna M. Irwin, filed an appeal to the Quarter Sessions, which court upon their demand, ordered the case to be certified to the Common Pleas, No. 1, for a jury trial. Upon the trial a verdict was found for the executors, plaintiffs in the issue, for $12,809.50. After a motion for a new trial had been overruled, the counsel for the city

[Williams *v.* City of Pittsburgh.]

moved to have the whole proceedings dismissed for want of juris-
diction, which motion was granted by the court.    The plaintiffs
thereupon took this writ of error, assigning for error the dismissal
of the proceedings.

*Hill Burgwin*, for the plaintiffs in error.

*T. S. Bigelow* and *L. B. Duff*, for the defendant in error.

Chief Justice AGNEW delivered the opinion of the court, January
2d 1877.

This case is governed by the decision just made, in the appeal
of William B. Pusey.    The Acts of Assembly under which the
proceedings took place below, in each case, are nearly identical;
those relating to the city of Allegheny being transcripts of those
relating to the city of Pittsburgh, so far as the proceedings in ques-
tion are involved.    See Acts 6th January 1864, Pamph. L. 1131;
and 13th May 1871, Pamph. L. 840.    The appeal in this case was
properly certified into the Court of Common Pleas, No. 1, under
the Act of 13th June 1874, Pamph. L. 283.    This act appears to
have been overlooked by the plaintiffs in error in this case.    In
Pusey's Appeal we have shown that the Act of 1874 was intended
to carry out the provisions of the 8th section of the 16th article of
the new Constitution, giving a jury trial in all cases of damages, for
property taken by a municipal corporation and others; and that
the appeal given in such cases is to the Court of Common Pleas.
Consequently the proceedings in the case before us were proper,
down to the time of rendering the verdict of the jury.    But the
court below erred in striking off the case, because of a want of juris-
diction, after a jury trial and verdict for the plaintiffs, and after
refusing to grant a new trial.    The plaintiffs were entitled to a
judgment on their verdict.    The order striking off the case is there-
fore reversed, and this court, proceeding to give the same judgment
which the court below ought to have rendered, now give judgment
on the verdict for the plaintiffs, for the damages found by the jury;
to wit, the sum of $12,000 with costs of suit; and the record is
ordered to be remitted to the Court of Common Pleas, No. 1, for
execution.                                           Judgment.

Afterwards the following order was entered in the case :—
    And now, January 15th 1877, it is ordered that a clerical
    error, in entering judgment in this case for $12,000,
    instead of $12,809.50, the true amount of the verdict,
    be corrected, and that judgment be now entered for the
    latter sum, viz., $12,809.50, and that the judgment of
    this court, as thus amended, be certified by *remittitur*.