# IN RE WIDENING OF CHESTNUT STREET.

## [PETITION OF J. C. LUCAS.]

ERROR TO THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Argued March 3, 1889—Decided October 7, 1889.

1. An appeal to the Court of Common Pleas from an assessment of damages to the owner of property taken for public use, entered under the act of June 13, 1874, P. L. 283, vests in that court exclusive jurisdiction of the question of damages.

2. Wherefore, while such an appeal is pending in the Court of Common Pleas, it is error for the Court of Quarter Sessions to entertain and determine exceptions filed to a report of viewers awarding damages for the widening of a city street.

Before Sterrett, Green, Williams, McCollum and
Mitchell, JJ.

No. 191 January Term 1889, Sup. Ct.; court below, No. 9
December Term 1887, Q. S.

On December 14, 1887, John C. Lucas presented his peti-
tion to the Court of Quarter Sessions for the appointment of
viewers to assess damages for injuries done to his property at
the corner of Chestnut and Juniper streets, by the widening
of Chestnut street. A master and a jury of six viewers were
appointed under § 7, act of May 6, 1887, P. L. 87. On July
17, 1888, the jury filed their report awarding the petitioner
the sum of $4,000.

Within thirty days from the filing of this report, to wit, on
August 15, 1888, the city appealed from the assessment of
damages to the Court of Common Pleas, under the act of June
13, 1874, P. L. 283. Subsequent to this appeal, on September
1, 1888, the city filed exceptions in the Court of Quarter Ses-
sions to the report of the jury awarding damages to the peti-
tioner, and on November 27, 1888, that court sustained the
exceptions and set aside the report.

Mr. Lucas having died, his administrators were substituted
in the Court of Quarter Sessions and entered a rule upon the
city to show cause why the exceptions should not be stricken
off, and why the order of the court sustaining them, etc., should
not be set aside and vacated.

On December 7, 1888, the court, Finletter, P. J., and
Gordon, J., without filing an opinion, discharged the rule,
when the administrators took this writ, assigning as error, inter
alia:

4. The order sustaining the exceptions.

5. The order discharging said rule.

*Mr. Edward H. Weil* (with him *Mr. Samuel B. Huey*), for
the plaintiffs in error.

*Mr. James Alcorn* (with him *Mr. Charles F. Warwick*, City
Solicitor), for the defendant in error.

Opinion, Mr. Justice Sterrett:

On the petition of John C. Lucas, owner of lot at southwest

corner of Chestnut and Juniper streets, in the city of Phila-
delphia, viewers were appointed by the Court of Quarter Ses-
sions to assess the damages he had sustained by the widening of
Chestnut street at that point. In July, 1888, the report of the
viewers, awarding him $4,000 damages, was duly filed in said
court; and, on August 15th next ensuing, the city appealed
from the award and demanded "that the lawful damages
caused by the taking, injury or destruction of the property of
John C. Lucas, for the widening of the said street between the
points named, and the just and lawful compensation to be paid
therefor, shall be determined by a jury according to the course
of the common law, in accordance with the provisions of the
constitution of this commonwealth and the acts of assembly in
such case made and provided." Afterwards, on September 1,
1888, while that appeal was pending and undetermined in the
Court of Common Pleas No. 3, exceptions to the report of
viewers were filed on behalf of the city in the Court of Quar-
ter Sessions, complaining that the damages awarded by the
jury were excessive and contrary to the evidence, and that the
petitioner was not entitled to any damages, etc. Without as-
signing any reason therefor, that court made an order sustain-
ing the exceptions and setting aside the report, and afterwards
refused to revoke said order. Whereupon this writ of certio-
rari was taken, and the action of the court in assuming juris-
diction and sustaining the exceptions, etc., has been assigned
as error.

The act of June 13, 1874, which was passed to give effect
to § 8, article XVI. of the constitution, provides that in all
cases of damages assessed against any municipal or other cor-
poration or individual, invested with the privilege of taking
private property for public use, etc., whether such assessment
shall have been made by viewers or otherwise than a trial in
court, and an appeal is not provided for by existing laws, an
appeal may be taken by either party to the Court of Common
Pleas of the proper county, within thirty days from the ascer-
tainment of the damages, or the filing a report thereof in court,
pursuant to any general or special act, and not afterwards.
In this case, the appeal was taken in due form by the city
within the time named in the act. The effect of the appeal to
the Court of Common Pleas was to vest in that court exclu-

sive jurisdiction of the question of damages: Pusey's App., 83 Pa. 67; Williams v. Pittsburgh, 83 Pa. 71. It will be observed that when the appeal was taken from the Court of Quarter Sessions on August 15, 1888, and for more than two weeks thereafter, no exceptions had been filed in that court. The court was clearly wrong in assuming jurisdiction and sustaining the exceptions, while the case was pending on appeal in the Court of Common Pleas.

> The order of the Court of Quarter Sessions, sustaining the exceptions and setting aside the report of viewers is reversed and set aside.