147     245
32 SC   451

## Thirtieth Street.   New Jersey Trust and Safe Deposit Co.'s Appeal.

*Streets—Form of decree—Exceptions.*

A decree indorsed on the cover of one set of exceptions to the report of road viewers, in the following form: "December 18, 1890, exceptions sustained and the report of the jury set aside," is a sufficient compliance with the act of May 3, 1869, P. L. 1247, requiring that the record of the court of quarter sessions must show that the order setting aside the report of the jury, " was made in pursuance of an exception or exceptions sustained by the court below : " Delaware Avenue, 67 Pa. 309 ; Germantown Avenue, 99 Pa. 479, distinguished.

Argued Jan. 6, 1892. Appeal, No. 313, Jan. T., 1891, by the New Jersey Trust and Safe Deposit Co. of Camden, N. J., from a decree of Q. S. Philadelphia Co., sustaining exceptions to the report of a road jury. Before PAXSON, C. J., STER-RETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEY-DRICK, JJ.

On March 21, 1890, a petition was presented for a jury of view to open Thirtieth street. On July 3, 1890, the report of the jury was filed in favor of opening the street. On July 22, 1890, the Philadelphia, Wilmington & Baltimore R. R. Co. filed the following exceptions : (1) Because there is no public

occasion to open the street; (2) because said opening involves an expensive and dangerous grade crossing; (3) because no compensation was awarded the exceptant.

On August 1, 1890, Richard Y. Cook and C. W. Funk, executors and trustees, appealed to the court of common pleas for a jury trial upon the question of damages.

On August 30, 1890, the city of Philadelphia filed the following exceptions: (1) Because the jury reported in favor of the opening of said street; (2) because the jury reported that the public necessity required the opening of said street; (3) because the report of the jury is against the evidence; (4) because the report of the jury is contrary to law.

The court indorsed on the cover of the city's exceptions the following decree, unsigned: "Dec. 18, 1890, exceptions sustained and report of jury set aside." The New Jersey Trust and Safe Deposit Co., executor of the original·petitioner, appealed.

*Errors assigned* were (1) the entry of the decree in the form as above, quoting decree; (2) that the final decree entered by the court below is in conflict with the expressed provisions of the acts of assembly in such case made and provided, regulating the form of final decrees in such cases by the court of quarter sessions in Philadelphia county; (3) in not entering a final decree specifically setting forth the particular exception or exceptions upon which the report was set aside, in conformity with the statute in such case made and provided, as construed by this court *In re* Delaware Avenue, 67 Pa. S. R., page 309, and *In re* Germantown Avenue, 99 Pa. S. R., page 497; (4) that the appeal of Richard Y. Cook et al., trustees, Richard Y. Cook and Charles W. Funk, executors, and Clayton French to the court of common pleas for jury trial are irregular and void in this proceeding, under the general road laws for the opening of a public road by the state through the agency of the court of quarter sessions.

*Wm. H. Addicks, Edward Brady* with him, for appellant.

*Jonn M. Gest, Earle & White* with him, for appellee.

PER CURIAM, January 25, 1892.

Complaint is made in the first, second and third specifications of error, that the court below erred in the form of its de-

cree. The said decree was indorsed on the cover of the city's exceptions in the following form, viz.: "December 18, 1890. Exceptions sustained and the report of the jury set aside." It was contended on the part of the appellant, that this was not a compliance with the act of May 3, 1869, P. L. 1247, relative to orders, or road view and assessment of damages, in Philadelphia county, which provides, in the most explicit language, " that no report of viewers appointed, etc., shall be set aside, unless in pursuance of some exception filed to the said report, as in the said act provided (April 3, 1854), and in all cases, etc., brought into the Supreme Court by writ of certiorari, to the order of the court of quarter sessions, setting aside the report of a jury, the said order shall be reversed, and the cause remanded for further proceedings, if it does not expressly appear from the record that the said order was made in pursuance of an exception, or exceptions, sustained by the court below." In Delaware Avenue, 67 Pa. 309, it was held that the quarter sessions, in setting aside a report, must expressly state that the report was set aside in pursuance of an exception filed in said court. The order of the court below in that case was, "report set aside," and it was reversed. See, also, in Re Change of Grade of Germantown Avenue, 99 Pa. 479. In the case in hand, the order, as before observed, was: " Exceptions sustained, and report of jury set aside." We must assume this to mean that the exceptions were all sustained, as the word " exceptions " is in the plural. Had the learned judge below intended to sustain only a portion of the exceptions, he would have stated which were sustained and which were overruled. As the record stands, we cannot assume that he intended to sustain only a part of the exceptions. And if, by any inadvertence, his decree was made broader than he intended, he would doubtless have corrected it had his attention been called to it at the proper time.

We are unable to see what the appeal of Richard Y. Cook et al., to the court of common pleas, has to do with this proceeding. See fourth specification. It does not require discussion.

Judgment affirmed.