# Walnut Street.

*Road law—Report of jury of view—Review—Court of quarter session —Evidence.*

The court of quarter sessions has authority to review the findings of a road jury upon questions of fact, and therefore may receive testimony in support of exceptions filed to the report of the jury.

Argued Oct. 8, 1903. Appeal, No. 9, Oct. T., 1903, by the city of Philadelphia, from order of Q. S. Philadelphia Co., sustaining exceptions to report of jury of view. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions of jury of view.

MARTIN, P. J., filed the following opinion :

On December 12, 1901, Peter Thomson purchased the property No. 1118 Walnut street, described in the deed as containing twenty-three feet six inches in front and 100 feet in depth. The building upon the lot was erected in 1818, and the front wall was placed two feet six inches back from the line of the street as then laid out.

Councils subsequently authorized a revision of the lines of Walnut street on the city plan and new buildings were to recede to the new line.

According to the plan confirmed January 15, 1894, the street was widened at this point two feet six inches, and the line of the street coincided with the location of the wall of this building.

On January 14, 1902, the old house was demolished and a new structure erected where the owner conducted his business. The jury of view reported that the strip of two feet six inches was in the sidewalk and had been in the sidewalk for more than twenty-one years prior to the approval of the ordinance widening the street ; that there was a step of ordinary size projecting from the house into the sidewalk and no other obstruction ; and that the strip in question had been voluntarily relinquished by the owner when the old house was built.

Exceptions were filed to the report on behalf of the present owner of the property.

The only information furnished to the jury in relation to the conditions existing prior to the removal of the building in January, 1902, was the testimony; the building itself was destroyed before the date of view, which appears by the report to have been made on May 21, 1902.

The evidence upon the subject contained in the notes of testimony taken by counsel for the city was given by the witness, Isaac L. Miller, who was called at a meeting held May 23, 1902, and stated in direct examination that the improvement on the property "was $3\frac{1}{2}$ brick dwelling with platform and steps extending six to seven feet out into the pavement." When cross-examined he said: "I knew old building for twenty-five or thirty years. . . . I did not measure the distance that this step extended out. . . . . There was a platform $2\frac{1}{2}$ to three feet there; there were four or five steps."

In order to obtain the use of steps extending six or seven feet from the house line it was necessary to locate the front wall so that the encroachment into the highway would not exceed four feet six inches: Ord. Sept. 23, 1864, sec. 11; Ord. 1864, p. 357.

If for his own convenience the owner constructed the building in this manner, the fact that the public used it jointly with him would not of itself be sufficient evidence of an intention to dedicate the strip of ground to public use: Weiss v. South Bethlehem Borough, 136 Pa. 294.

The testimony of this witness is consistent with the natural probabilities of the case, which is similar to that suggested by GIBSON, C. J., in Gowen v. The Philadelphia Exchange Co., 5 W. & S. 141, 144.

The exceptions are sustained.

*Errors assigned* were in sustaining exceptions to report of road jury.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—It is a well established principle of road law that the testimony taken before a road jury does not form part of the record: Kensington, etc., Turn-

pike Co., 97 Pa. 260; Roche's Private Road, 10 Pa. Superior Ct. 87; Road in Upper Dublin and Whitemarsh Townships, 94 Pa. 126; Fifty-fifth Street, 16 Pa. Superior Ct. 133.

Inadequacy of damages is no ground for exception to the report of the viewers: Road in North Hopewell Township, 6 York Legal Record, 10; Road in Chartiers Township, 34 Pa. 413; Point-no-Point Road, 2 Sergeant & Rawle, 277; Fifty-fifth Street, 16 Pa. Superior Ct. 133; Road in Warriorsmark Township, 126 Pa. 305.

*A. Morton Cooper*, with him *Axel Teisen*, for appellee.—It has been held in a large number of cases that the testimony and even the opinion of the court below, together with the facts therein recited, are no part of the record and will not be considered upon appeal. The object of the certiorari is not to review questions of fact, but merely the regularity of the proceedings: Duff's Private Road, 66 Pa. 459; Road in Upper Dublin, etc., Twp., 94 Pa. 126; Roaring Brook Twp. Road, 140 Pa. 632; Kensington, etc., Turnpike Co., 97 Pa. 260; Sadsbury Twp. Roads, 147 Pa. 471; Keller's Private Road, 154 Pa. 547; Roche's Private Road, 10 Pa. Superior Ct. 87; Swoyerville Borough, 12 Pa. Superior Ct. 118; Rouseville Borough, 12 Pa. Superior Ct. 12; Dennison Twp. Road, 13 Pa. Superior Ct. 227; Stowe Twp. Road, 20 Pa. Superior Ct. 404.

The findings of fact by the lower court and its conclusions of law thereupon are conclusive in the absence of irregularities appearing on the record: Diamond Street, 196 Pa. 254.

OPINION BY RICE, P. J., January 21, 1904:

No local statute or rule of court has been called to our attention which made it the duty of the jury of view to reduce to writing the testimony adduced before them and to return the same with their report; nor did they attach it to and return it with their report. It was, therefore, not before the court, and in the absence of the assent of the parties interested, or their counsel, could not be used on the hearing of the exceptions or be considered in the disposition thereof. Thus far we agree with appellant's counsel. But their complaint that the disposition which the court made of the exceptions was based wholly upon its examination and consideration of that

testimony is not sustained by anything appearing in the record proper, of which, it is needless to remark, the opinion filed by the judge forms no part. As the certiorari brought up nothing but the record proper, and this discloses no irregularity it must be presumed that the conclusions of fact necessarily involved in the order sustaining the exceptions were established in a regular way by competent testimony to the satisfaction of the court.

But, say counsel, the court of quarter sessions has no authority to review the findings of a jury of view upon questions of fact, and therefore no authority to receive testimony in support of such exceptions as were filed to the report. We cannot assent to the proposition. The case cited in support of it, In re Kensington, etc., Turnpike Co., 97 Pa. 260, does not touch the question presented here. What was decided in that case was, not that the court of quarter sessions is without jurisdiction to set aside the findings of the jury of view upon questions of fact, including their findings as to damages, but that in proceedings regulated by the Act of May 3, 1869, P. L. 1247, the court cannot set aside their report for matters not alleged of record by exceptions. Indeed in that very case the quarter sessions had sustained an exception alleging that the award of damages was excessive and had confirmed the report upon condition that a remittitur be filed for a portion of the award. Speaking of this action Justice PAXSON said : " Up to this point there is no difficulty. The court had jurisdiction; it was acting within the scope of its powers, and the record discloses no irregularity." So in Norris's Appeal, 61 Pa. 422, which arose out of a proceeding for the assessment of damages caused by the widening of Spring Garden street, AGNEW, J.; said: " The only questions which could come before the court of quarter sessions were those relating to the assessment for damages, excepting questions of irregularity of the proceeding." In Germantown Avenue, 99 Pa. 479 (which by the way was decided subsequent to the passage of the act of 1874, to which we shall refer hereafter), Justice PAXSON stated the question and the ground of the decision as follows: " The assignments of error nearly all relate to questions of fact, and there is nothing upon the record to show that the court below erred in regard to them. The court set aside the award of the jury, and dismissed the petition, mainly upon the ground that there was no change of

survey and regulation of the line or grade of Germantown avenue as contemplated by section 27 of the act of 1854 known as the consolidation act. If the fact be so found by the court, the ruling was clearly right. As we cannot upon a certiorari reverse the findings of the learned judge upon the facts, neither can we reverse his rulings upon the law, where they are the logical deduction from the facts as found." All this is inconsistent with the idea that the quarter sessions has no authority to receive evidence outside the record to controvert the findings of fact of the jury of view. In re Wharton Street, 48 Pa. 487, is an instructive case upon the question of the jurisdiction of the quarter sessions in such matter. That was a proceeding under the road law of 1836 to assess damages claimed by a property owner by reason of the opening of the street through his premises. The first jury awarded no damages, but the court set aside their report, and appointed new viewers who awarded him $2,000. The city excepted to their report on the ground that the damages were excessive; whereupon the court permitted the landowner to remit a part of the award, and confirmed the report for the balance. The city appealed to the Supreme Court, and there contended that the court had power only to confirm or set aside the report as it was made. Chief Justice WOODWARD, speaking for the court, said : " In committing road cases to the quarter sessions, which is a court of record of constitutional origin, and of common-law powers, the legislature manifestly intended that a judicial discretion should be exercised in such cases." After citing illustrations he proceeded to say : " The case in hand was an assessment of damage. The city appealed to the discretion of the court, and whilst we agree that the court could not, of its own mere will, confirm the report for less money than was awarded, we hold that the court could permit the party to remit part of his damage, and confirm the report for the balance. It was like a motion for a new trial in a suit for damages. The court has no intrinsic power in such case to alter the verdict; their proper duty is to enter judgment upon it, or set it aside—but the universal practice is to allow the plaintiff to remit part of his damage, and to take a judgment for the residue. The discretion legally vested in the court is properly exercised in this manner. It expedites justice and saves litigation. If a mere

registry of the report of viewers had been intended, it would have been made most naturally in the recorder's office, and no approval of the quarter sessions would have been required, but when a court of record was required to approve, a judicial discretion was implied, and a partial remittitur was a legitimate mode of influencing that discretion." There are cases that decide, and dicta in other cases to the effect, that in proceedings governed by the Act of February 24, 1845, P. L. 52, and similar statutes, which require that the viewers for the road shall also report the damage which the opening of it will occasion, the remedy of a party complaining of the insufficiency of the damages awarded him is by petition for review and not by exceptions. "An exception does not reach the case, for, to sustain it, would set aside the road, which would be giving it too much effect ; or would set aside the part of it which is in favor of the exceptants, and this is not what they want. They want more damages, and ought, therefore, to have asked for a review at the second term : " Road in Chartiers, 34 Pa. 413 ; Road in Plum Twp., 2 Pittsburg Rep. 184 ; Road in Benton Twp., 2 Luz. Leg. Reg. 99. It is thus seen that the rule applying in this class of cases involves no principle which would control in a proceeding like the present.

There remains to be considered the effect of the Act of June 13, 1874, P. L. 283, allowing an appeal "from the ascertainment of the damages," and the Act of May 26, 1891, P. L. 116, allowing an appeal from the decree of confirmation, upon the jurisdiction which the quarter sessions theretofore had. Neither of these statutes declares that an appeal shall be the exclusive remedy, and it is not clear that this conclusion arises by necessary implication. True, the party taking an appeal thereby submits his claim, so far as the question of damages is concerned, to the jurisdiction of the common pleas, and cannot, pending the appeal, invoke the jurisdiction of the quarter sessions upon that question: Widening of Chestnut St., 128 Pa. 214. But if no appeal is taken, the jurisdiction of the latter court remains. Nevertheless, in view of the remedies given by these acts, the court is not justified in setting aside the report upon the ground that insufficient damages, or that no damages, were awarded the petitioner, unless it be clearly made to appear that a verdict to the same effect of a common-law jury

could not be sustained. Judging from the reported cases the power to set aside a report upon such exceptions has been rarely exercised, as it ought to be, but that it does not exist is another proposition. That the court has power to set aside a report because of misconduct on the part of the viewers cannot be denied. Nor, if their findings of fact upon which their award of no damages is based is so clearly shown to be erroneous as to compel the conviction that they must have been influenced by partiality, passion or prejudice or by some gross misconception of the law applying to the facts, can it be denied that the court has discretionery power to set aside their report. We do not mean to intimate that the viewers in the present case were influenced by any unworthy or improper motive. What we hold is that in the exercise of the judicial discretion vested in the court their findings of fact may be inquired into upon exceptions and be set aside if grossly and palpably erroneous. The question before us is not whether the court's decision of the questions of fact raised by the exceptions was correct or erroneous, but whether the court had jurisdiction to act upon those questions. Having determined that the court had jurisdiction, and there being nothing in the record proper to show that its judicial discretion in the premises was abused, and the proceedings being regular, our duty is ended.

Order affirmed.