## Old Tacony Road.

*Road law—Vacation of road—Revision of city plan—Confirmation of revised plan.*

Where a portion of a street of the city of Philadelphia appearing on the confirmed plan is omitted from a revised plan, and the revised plan is duly authorized by ordinance and subsequently confirmed, such confirmation works a legal vacation of the part of the street thus omitted. The right of a property owner to damages for such vacation accrues from the date of the confirmation of the revised plan.

*Road law—Vacation of street—Jury of view—Setting aside report of jury of view—Laches—Mandamus—Damages.*

Where the report of a jury of view assessing damages and benefits arising from the vacation of a street is set aside by the court, and shortly thereafter the court makes an order refusing to reopen the decree and refer the report back to the viewers, and property owners take no further steps for seven years, when they petitioned the court to amend its decree setting aside the report of the viewers, so as to direct the report to be referred back to the jury of view, so that the jury might determine whether damages should not be assessed against the city, the previous damages having been assessed against a railroad company, the court will refuse the petition because of the laches and delay of the petitioners, and because of their neglect to pursue their remedy by appeal.

Where a report of a jury of view assessing damages arising by reason of the vacation of a street, has been set aside by the court, a property owner in whose favor damages have been assessed has no standing to petition for mandamus execution against the city for the payment of the damages.

The report of a road jury awarding damages is not a final adjudication in favor of those to whom damages are so awarded, nor does it become a debt of record due by the municipality until it is approved by the court.

Argued Oct 19, 1906. Appeal, No. 244, Oct. T., 1905, by Lynford Knowles et al., from orders of Q. S. Phila. Co., May

Term, 1895, discharging rule to amend a decree, and discharging rule for mandamus In the Matter of the Vacation of Old Tacony Road from Princeton Street to Cottman Street in the Thirty-fifth Ward. Before RICE, P. J., PORTER, HENDER-. SON, ORLADY and HEAD, JJ. Affirmed.

Rule to amend decree.
Rule for mandamus.

*Errors assigned* were the orders of the court.

*James W. M. Newlin*, with him *Thomas A. Fahy*, for appellant.—The judgment may be amended by striking out erroneous entries, supplying omissions, or inserting matter for the purpose of removing any apparent ambiguity, or giving effect to the judgment: Stephens v. Cowan, 4 Watts, 511; Smith v. Hood, 25 Pa. 218; Gourley v. Hess, 8 W. N. C. 140.

The learned court erred in discharging the rule for mandamus execution.

The city having appeared throughout the proceedings before the jury of view and filed no objection to the awards to the petitioners, cannot after nine years question their validity. There is a conclusive presumption of regularity, as the court had jurisdiction of the subject-matter: McPherson v. Cunliff, 11 S. & R. 422; State of Ohio v. Hinchman, 27 Pa. 479; Brundred v. Egbert, 164 Pa. 615; Wilson v. Scranton City, 141 Pa. 621; Ogden v. Philadelphia, 143 Pa. 430; Larkin v. Scranton, 162 Pa. 289.

The mandamus should have been granted: Upsal Street, 22 Pa. Superior Ct. 150; Penrose Ferry Ave., 27 Pa. Superior Ct. 341.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—If the decree setting aside the reports was not definite the appellants could have started de novo, provided they were still within the period of limitation for beginning actions. They did not pursue that course and now it is too late: Tabor Street, 25 Pa. Superior Ct. 355; Butler Street, 25 Pa. Superior Ct. 357.

Moreover, the appellants are guilty of laches. The fact that

they were mistaken about their legal rights, does not help them: Upsal Street, 22 Pa. Superior Ct. 150.

The court of quarter sessions can either confirm or set aside a report of viewers: Walnut Street, 24 Pa. Superior Ct. 114, and having once exercised either privilege cannot revoke its order.

The time for appeal cannot be extended beyond the statutory period: Road in Adams Twp., 130 Pa. 190; Winter Avenue, 23 Pa. Superior Ct. 353.

The decree in the present case being obtained adversely, the power of the court to open it ceased after the end of the term at which the decree was entered: Catlin v. Robinson, 2 Watts, 373; Stephens v. Cowan, 6 Watts, 511; Ullery v. Clark, 18 Pa. 148; Mathers v. Patterson, 33 Pa. 485; Oil Co. v. Carothers, 63 Pa. 379; King v. Brooks, 72 Pa. 363; Conrad v. Ins. Co., 81* Pa. 66; Hill v. Egan, 2 Pa. Superior Ct. 596; Lance v. Bonnell, 105 Pa. 46; Hill v. Harder, 3 Pa. Superior Ct. 473; Fisher v. Ry. Co., 185 Pa. 602; Dean v. Munhall, 11 Pa. Superior Ct. 69; Com. v. Krause, 198 Pa. 391; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

The discharge of the rule for writs of mandamus execution was proper: Pringle Street, 167 Pa. 646.

The award of a jury of view is not a debt of record, or judgment against the city, and cannot be collected until the confirmation of the award or report: Sedgeley Avenue, 88 Pa. 509; Township of North Whitehall v. Keller, 100 Pa. 105; In re Kensington & Oxford Turnpike Co., 97 Pa. 260; Spring Street, 112 Pa. 258; Norris v. Phila., 70 Pa. 332; Myers v. South Bethlehem Boro, 149 Pa. 85; Second Avenue, 7 Pa. Superior Ct. 55; Evans v. Phila., 1 W. N. C. 119; Reimer v. Phila., 12 Phila., 408; Lex Street, 12 Phila. 622; Devereux Street, 13 Phila. 103; Ziegler's Petition, 12 York, 158; Boyer's Petition, 15 Pa. C. C. Rep. 531–533.

OPINION BY PORTER, J., February 25, 1907:

The revision of that part of the confirmed plan of the city of Philadelphia, which included the portion of the Old Tacony road involved in this proceeding, was duly authorized by the ordinance of March 29, 1887, and the confirmation, on April 28, 1890, of the revised plan, which struck a portion of the street

from the plan of the city, worked a legal vacation of the part
of the street thus omitted : Wetherill v. Pennsylvania Railroad
Company, 195 Pa. 156 ; Carpenter v. Pennsylvania Railroad
Company, 195 Pa. 160 ; Tabor Street, 25 Pa. Superior Ct. 355 ;
Butler Street, 25 Pa. Superior Ct. 357.   The property of the
appellants abutted directly upon the part of the street so va-
cated, and if they were entitled to damages for such vacation,
that right accrued and they had an available remedy on
April 28, 1890.

Lynford Knowles, one of the appellants, on May 21, 1895,
filed in the court of quarter sessions a petition for the appoint-
ment of viewers to assess the damages and benefits arising
from the vacation of the street, and the court, on May 29,
1895, appointed the viewers, as prayed for.   The proceedings
before this jury of view were long delayed and, although no
order of court was made continuing the jury from term to term,
the report was not filed until April 2, 1896.   The report when
filed awarded to the several appellants damages for various
properties, abutting upon the Old Tacony road and owned by
the respective appellants ; and assessed benefits against the
Philadelphia & Trenton Railroad Company equal to the whole
amount of the damages awarded, except $200, which amount
was assessed as a benefit against the property of John F.
Manning.   The railroad company and Manning, respectively,
filed exceptions to the report, and the court, on October 3, 1896,
sustained the exceptions and set aside the report of the jury.
After the end of the term at which the decree had been entered
setting aside the report of the jury of view, viz : on Novem-
ber 12, 1896, on motion of the attorney for the petitioners, who
are now these appellants, the matter was referred back to the
same jury of view.   The jury, on December 3, 1896, filed a
second report, and on the nineteenth of the same month filed
a supplemental report, awarding damages to these appellants,
among others, and again assessing benefits against the Phila-
delphia & Trenton Railroad Company and John F. Manning,
respectively, in amounts which were exactly equal to the ag-
gregate of the assessment of damages.   The railroad company
and Manning again filed exceptions to both the second report
and the supplement thereto.   The court, on December 23,
1897, entered a decree sustaining the exceptions and setting

aside the report of the jury of view. Lynford Knowles, the appellant, on February 21, 1898, presented a petition praying the court to reopen the decree of December 23, 1897, and again refer back the report to the viewers, and, on March 17, 1898, the court made an order refusing to grant the prayer of this petition. No appeal was taken from this order and neither the making of the order, nor any action of the court prior thereto is now assigned for error.

The appellants then seem to have slumbered for over seven years, and nothing further was done in the proceeding until April 25, 1905, when Lynford Knowles, the appellant, presented a petition praying the court to " amend its decree entered in this matter on December 23, 1897, by striking out therefrom that part thereof which orders the setting aside of the report of the jury of view and by instead thereof ordering that the said report be referred back to the jury of view, for the determination of the damages suffered by your petitioner and by other property owners by reason of the vacation of Old Tacony road and the benefits, if any, to any property owners by such vacation, and the assessing of such damages against the city of Philadelphia and against property owners, if any, whose land is benefited by such vacation." The court, upon presentation of this petition, granted a rule to show cause why the decree should not be amended as prayed for. The city filed an answer to this rule, setting forth the former proceedings in the case, the nature of the statutory right which the petitioner was seeking to enforce, the long delay which the petitioner had suffered to elapse since the making of the final decree, and denying his right to the relief now sought. The court, after argument, discharged the rule to show cause why the decree should not be amended, which action is now the foundation of the first specification of error.

The manifest purpose of the petition was to induce the court to strike down its order of December 23, 1897, setting aside the report of viewers, and to vacate its order of March 17, 1898, refusing to refer the matter back to the jury of view for further proceedings. If the refusal of the court to vacate the orders mentioned was a definitive decree, which prevented the appellants from further proceedings in the court below, and from which an appeal would lie, then it is manifest that the

barrier which really prevented further proceedings in the court below and which was actually the final decree was to be found in the orders which it was sought to vacate. The order of May 25, 1905, discharging the rule to show cause why the order of December 23, 1897, should not be amended and the matter referred back to the same jury of view, left the appellants in exactly the same position which they had occupied at all times subsequently to March 17, 1898. The order of December 23, 1897, setting aside the report of the jury of view, struck down all inchoate rights which any person might have acquired under the findings of that jury, and with the report went all the proceedings before the jury. The order of March 17, 1898, refusing to refer the matter back to the viewers, was a distinct and unequivocal denial of any right of the present appellants to proceed further before that jury of view; they could then do nothing further in the court below, for they had suffered one full term to elapse, without any action whatever, after the report of the viewers had been set aside, before even making their application to have the matter referred back to the same jury. It is not necessary, in this case, to determine with exactness whether the right of the appellants to have the proceedings reviewed by an appellate court arose upon the making of the order setting aside the report of viewers, on December 23, 1897, or upon the making of the order refusing to refer the matter back to the viewers on March 17, 1898. There can be no question that the order of March 17, 1898, following as it did the order setting aside the report of viewers, was in that proceeding a final order from which these appellants had the right to appeal. The Act of May 19, 1897, P. L. 67, section 4, limited the period within which they might exercise that right of appeal to six calendar months from the entry of the order. These parties did not exercise that right within the period allowed them by the statute, but, having suffered seven years to elapse, they attempted to resurrect that dead right, by petitioning the court below to vacate the orders which had turned them out of court. "The time for reviewing the proceeding has long since expired and that obstacle cannot be surmounted by asking the court to strike off the order of confirmation and then appealing from the refusal of the court to do so: " Road in Adams Township, 130 Pa. 190; Winter Avenue,

23 Pa. Superior Ct. 353 ; Union Township Road, 29 Pa. Superior Ct. 573. Even if the order of March 17, 1898, had not been a definitive decree, the appellants having suffered seven years to elapse without taking further steps in the proceedings, and then having attempted to revive them, fifteen years after the right of action had accrued, their long inaction imported an intention to abandon the proceeding, they were not entitled to the order for which they prayed as a matter of right, and the court could in the exercise of its discretion have required them to present a new petition for a new jury of view : Upsal Street, 22 Pa. Superior Ct. 150. The bar of the statute of limitations could, it is true, have been interposed against the right to recover in a new proceeding : Butler Street, 25 Pa. Superior Ct. 357, but for the long delay the appellants alone were responsible. The first specification of error is dismissed.

The appellant having failed to induce the court to vacate its orders made many years before and refer the matter back to the same jury of view, for the purpose, as stated in his petition, of " the determination of the damages suffered by your petitioner and by other property owners by reason of the vacation of the Old Tacony road and the benefits, if any, to any property owners by such vacation," shifted his position and joined with others, in a petition which was presented to the court on June 19, 1905. This petition represented that the first report of the viewers, filed April 2, 1896, awarded damages to the several petitioners, respectively, in the different sums in the petition set forth, that these amounts were awarded, to the petitioners respectively, by reason of the damage done to their several individual properties, on Old Tacony road, caused by the vacation of said street, that no exceptions were filed to the said awards so made in their favor, and that the said awards upon the filing of the report of the jury without exceptions became in themselves a complete and final adjudication in favor of the petitioners, and against the city of Philadelphia, for the amounts of said awards. The petitioners prayed for writs of mandamus execution against the city of Philadelphia, requiring the payment to petitioners, respectively, of the amounts so awarded by the report, of April 2, 1896. The court granted a rule upon the city to show cause why the prayer of the petitioners should not be granted, which rule, after argument, was,

on June 26, 1905, discharged by the court. The discharge of the rule and the refusal of the writ of mandamus execution is the foundation of the second specification of error. The petition ignored the fact that the first report of viewers, filed April 2, 1896, was, on October 3, 1896, set aside by the court, and that these appellants by their attorney, on November 12, 1896, moved the court to refer the matter back to the same jury. Exceptions had been filed to the report and the court had jurisdiction, under the provisions of the Acts of June 13, 1836, P. L. 555; April 13, 1854, P. L. 360, and May 3, 1869, P. L. 1247, to sustain the exceptions and set aside the report: In the Matter of the Opening of Wharton Street, 48 Pa. 487 ; In re Kensington & Oxford Turnpike Company, 97 Pa. 260; Thirtieth Street, 147 Pa. 245; Paschall Street, 81 Pa. 118; Walnut Street, 24 Pa. Superior Ct. 114. The report of a road jury awarding damages is not a final adjudication in favor of those to whom damages are so awarded, nor does it become a debt of record due by the municipality, until it is approved by the court. " In committing road cases to the court of quarter sessions, which is a court of record, of constitutional origin, and of common-law powers, the legislature manifestly intended that a judicial discretion should be exercised in such cases. . . . If a mere registry of the report of viewers had been intended, it would have been made most naturally in the recorder's office, and no approval of the quarter sessions would have been required, but when a court of record was required to approve, a judicial discretion was implied : " In the Matter of the Opening of Wharton Street, 48 Pa. 487. The court of quarter sessions, exercising a jurisdiction expressly conferred upon it, set aside the report of viewers upon which this petition for a mandamus execution was supposed to be based, and as the findings of the jury lacked the approval of the court required by law to constitute a final adjudication of a debt due by the municipality, the learned judge of the court below was clearly right in refusing to award a mandamus execution. The second specification of error is dismissed.

The order of the court below is affirmed.