# Bethel Township Road.

*Road law—Appeals—Final decree—Time within which to take appeal
—Termini.*

1. The time within which an appeal may be taken in a road case must be computed from the date of the final order of the court directing that the road be opened, and not from the time when the court below refuses a petition to have such order vacated.

2. Where the record in a road case shows no jurisdictional defect, and the final order is one which can be executed, an appeal from the order taken more than six months after its date is taken too late to permit the appellate court to review mere irregularities in the proceeding not apparent in the record.

3. Whether the terminus of a proposed road is a public place is a question of fact, and where there is nothing in the record to indicate that it is not such, the court below will be presumed to have arrived at a correct conclusion, upon that point, when it decrees that the road be opened.

Argued Oct. 29, 1909.   Appeal, No. 131, Oct. T., 1909, by Jacob Zeller, from order of Q. S. Lebanon Co., June T., 1908, No. 1, dismissing a petition to rescind an order in road proceedings in Bethel township.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Petition to rescind an order in a road proceeding.

EHRGOOD, J., filed the following opinion:

In the petition presented, we are asked to rescind the order of court, confirming the report of viewers absolutely and for leave to file exceptions nunc pro tunc.   If this petition were based upon the want of notice or actual knowledge of the meeting of the viewers by the land owners through whose land the road passes, we might hold that the prayer of the petitioners ought to be granted, but they do not so state in their petition, nor is it a fact according to the report of the viewers in which they state as follows: "Due proof was made to the viewers before

they viewed said premises that proper notices were given of the intended view as required by law, as shown by the annexed copies of notices, with proof of, or acceptance of service." It is admitted by counsel for the petitioners, and is a fact as disclosed by the records in these proceedings, that the report of the viewers was not only confirmed absolutely, but said road was ordered to be opened and was actually opened for public travel, and the land damages paid as assessed by the viewers. Under these circumstances, we are of the opinion that a petition to vacate the road laid out and opened and to open the road vacated is the proper proceeding, rather than the petition presented.

And now, January 28, 1909, the prayer of the petitioners is refused and the petition dismissed.

*Error assigned* was the order of the court.

*Fred W. Nicolls*, with him *William Rick* and *E. W. Miller*, for appellant.—The appeal was not too late: O'Hara Twp. Road, 152 Pa. 319; Bean's Road, 35 Pa. 280; Frankstown Twp. Road, 26 Pa. 472; Dunbar Twp., 12 Pa. Superior Ct. 491; Crescent Twp. Road, 18 Pa. Superior Ct. 160; Hickey v. Conley, 24 Pa. Superior Ct. 388.

*Eugene D. Siegrust*, with him *Walter C. Graeff*, for appellees.

OPINION BY PORTER, J., October 10, 1910:

The final order of the court below confirming the report of viewers absolutely and ordering the road to be opened and the part of the road the place of which it supplied to be vacated was made on September 22, 1908, and upon the same day an order was issued to the supervisors of the township to open the new road and vacate the part of the old road the place of which it supplied. The supervisors, on October 23, 1908, filed of record their return to the said order showing that the new road had

been opened and the old vacated. The appellant, on November 23, 1908, more than one month after the final decree of the court had been executed, presented a petition praying the court to rescind the order confirming the report of viewers and asking leave to file exceptions nunc pro tunc. The appellant had averred in his petition that he had received no notice of the proceedings, but this averment was contradicted by the report of viewers and counsel for the appellant now candidly admit that their client did actually have due notice of the proceeding. The court below refused to vacate its order confirming the report of viewers and declined to permit the appellant to file exceptions nunc pro tunc. The appellant took this appeal on May 28, 1909, more than eight months after the court had entered its final decree that the new road be opened and the old vacated, and more than six months after this appellant had formally appeared in the court below and sought to have that final order vacated. There can be no question that this appellant had notice of the final order of the court below at a time which afforded him ample opportunity to appeal from that order within the six months allowed him by the statute. The time within which the appellant was by the statute required to enter his appeal, if he desired to have the proceeding reviewed, must be computed from the date of the final order of the court that the road be opened and not from the time when the court below refused the petition of the defendant to have that order vacated: Old Tacony Road, 32 Pa. Superior Ct. 444.

The court below had not in this case made a final order which could not be executed, an order which was in itself erroneous, as was the case in Bean's Road, 35 Pa. 280, and Road in Dunbar Township, 12 Pa. Superior Ct. 491. There was no jurisdictional defect apparent upon the face of the record, which could be availed of to attack the order at any time before its final execution, such as was found in O'Hara Township Road, 152 Pa. 319, and Crescent Township Road, 18 Pa. Superior Ct. 160. The exceptions which

the appellant sought to file in the court below tended to raise questions of fact or alleged irregularities in the proceeding which did not appear in the record. · The petition for the road designated the termini with reasonable certainty and the report of viewers, taken in connection with the accompanying plan, located the entire road with accuracy. Whether the terminus of a proposed road is a public place is a question of fact and where there is nothing in the record to indicate that it is not such, the court below will be presumed to have arrived at a correct conclusion, upon that point, when it decrees that the road be opened: Jefferson & Rush Townships Road, 2 W. N. C. 138; Bellevernon Borough Road, 15 W. N. C. 232. This appeal was not taken in time to permit us to review mere irregularities in the proceeding and we find no jurisdictional defects in the record.

The order of the court below is affirmed and the appeal dismissed at costs of the appellant.